WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
Paul R. DeFilippo
James N. Lawlor

Proposed Attorneys for Greenwich Sentry, L.P.
and Greenwich Sentry Partners, L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GREENWICH SENTRY, L.P.<br><br>    Debtor and Debtor-in-Possession. | Case No: 10-_____( )<br><br>Chapter 11<br><br>(Joint Administration Requested) |
| In re:<br><br>GREENWICH SENTRY PARTNERS, L.P.,<br><br>    Debtor and Debtor-in-Possession. | Case No: 10-_____( )<br><br>Chapter 11<br><br>(Joint Administration Requested) |

**MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT**
**ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Greenwich Sentry, L.P. ("*GS*") and Greenwich Sentry Partners, L.P. ("*GSP*"), Delaware limited partnerships and debtors and debtors-in-possession (collectively, the "*Debtors*"), by and through their undersigned counsel, hereby move before this Court for entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "*Bankruptcy Code*"), and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), administratively consolidating their respective Chapter 11 cases, solely for procedural purposes, and providing for joint administration (the "*Motion*"). In support of the Motion, the Debtors

submit the Affidavit of Mark McKeefry in Support of Debtors' Chapter 11 Petitions and Request for First Day Relief (the "*First Day Affidavit*"), filed contemporaneously herewith, and respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory basis for the relief sought herein is section 105 of the Bankruptcy Code and Rule 1015 of the Bankruptcy Rules. Venue of the Debtors' chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

2. On November 19, 2010 (the "*Petition Date*"), the Debtors filed with the Clerk of the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors plan to continue to operate their businesses and manage their property pursuant to sections 1107(a) and 1108 of the Bankruptcy Code as debtors-in-possession.

3. GS was organized as a Delaware limited partnership on December 27, 1990 under the name "Aspen/Greenwich Limited Partnership." GS qualified to do business in New York on January 1, 1991. GS's name was changed to "Greenwich Sentry, L.P." on December 4, 1992, and it commenced operations in January 1993. GSP was organized as a Delaware limited partnership on April 5, 2006, and qualified to do business in New York on May 11, 2006. GSP commenced operations in May 2006.

4. The Debtors operate as private investment partnerships. They privately offered limited partnership interests to potential investors through a Confidential Offering Memorandum. Interests generally were sold only to "accredited investors" under Regulation D of the Securities

2

Act of 1933, as amended. Capital contributions for interests were accepted as of the beginning of any month, and at the end of each month, a limited partner could withdraw all or part of its capital account upon fifteen (15) days' prior written notice. The net proceeds from the offering of the interests were invested pursuant to the Debtors' investment program.

5. The Debtors' investment objective was to seek to obtain capital appreciation of assets principally through the utilization of a nontraditional options trading strategy described as "split strike conversion," to which the Debtors allocated the predominant portion of their assets. The split strike conversion strategy was implemented by Bernard L. Madoff Investment Securities LLC ("**BLMIS**"), a broker-dealer registered with the Securities and Exchange Commission, through accounts maintained by the Debtors at BLMIS.

6. On December 11, 2008, Bernard Madoff, the principal of BLMIS, was arrested and charged with securities fraud for operating a giant Ponzi scheme. After the arrest, the Debtors suspended taking contributions and making payments with respect to requested withdrawals.

7. Also, in December 2008, Irving H. Picard, Esq. was appointed as trustee to oversee the liquidation of BLMIS under the Securities Investor Protection Act (the "**BLMIS Trustee**"). In March 2009, GS filed a customer claim with the BLMIS Trustee for approximately $314 million, the amount shown on the last account statements and purchase/sale confirmations that GS received from BLMIS. In March 2009, GSP filed a customer claim with the BLMIS Trustee for approximately $10 million, the amount shown on the last account statements and purchase/sale confirmations that GSP received from BLMIS.

8. The Debtors are named parties in several civil actions, pending in various courts and in different stages of litigation, arising out of their accounts at BLMIS. The cases, described

in more detail below, include: (A) derivative actions, brought in the name of and for the purported benefit of the Debtors and their limited partners, against the General Partner and others, which name the Debtors as nominal defendants (the "*Derivative Actions*"); and (B) an adversary proceeding, brought by the BLMIS Trustee, asserting "claw back" claims against the Debtors and others, and seeking to disallow the Debtors' SIPC claims (the "*BLMIS Trustee's Adversary Proceeding*").

9. The principal purpose of these Chapter 11 cases is to preserve the remaining assets of the Debtors' estates for the benefit of their creditors and other parties in interest, rather than dissipating those assets in the defense of the various litigations described above or which may be commenced in the future. The Debtors intend to seek a comprehensive settlement of all litigation that may ultimately impact the Debtors and their estates. The Debtors anticipate that if such settlements are reached, they would be accomplished through a joint plan of reorganization that would provide the maximum protections available under applicable law to the non-debtor entities that ultimately agree to make substantial contributions to funding the costs of those settlements.

## RELIEF REQUESTED AND BASIS THEREFOR

10. The Debtors hereby seek the joint administration and consolidation of their Chapter 11 cases for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code and Rule 1015(b) of the Bankruptcy Rules.

11. The Debtors are affiliates and have interrelated business operations, and as such, the joint handling of the administrative matters respecting these cases, including, without limitation, the use of a single docket for matters occurring in the administration of the estates and combining notices to creditors, is appropriate. Such joint administration will expedite and make

4

administration more efficient for both cases and will dispense with the need for duplicative motions, applications, notices, and orders, which will save significant time and expense for both Debtors and their estates.

12. Rule 1015(b) of the Bankruptcy Rules provides, in pertinent part, that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Rule 1015 of the Bankruptcy Rules promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. See, e.g., In re Reider, 31 F.3d 1102, 1109 (11th Cir. 1994); In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986).

13. The Debtors have filed the First Day Affidavit which demonstrates that joint administration of the Debtors' cases is warranted and will ease the administrative burden for the Court and the parties. The Debtors are affiliates as that term is defined in section 101(2) of the Bankruptcy Code by reason of their common ownership. Accordingly, the Court may grant the relief requested pursuant to Rule 1015(b) of the Bankruptcy Rules.

14. Because the Debtors are affiliates with related rights to the assets of the Debtors' estates and interrelated business operations, it is expected that there will be many notices, motions, applications, hearings, and orders directly affecting both Debtors. If these two cases are not jointly administered, then there will likely be numerous duplicative pleadings that would have to be separately filed and served, which would result in inefficiency and waste.

15. Joint administration would promote efficiency of case management and allow the Clerk of the Court to use a single general docket for both cases and to combine notices in order to ensure timely and proper notice to creditors of each Debtor's estate and other parties-in-interest. Moreover, the respective creditors of each Debtor may still file their respective claims

against a particular estate, and thus, the rights of creditors will not be adversely affected by the proposed joint administration of these cases. In fact, the reduced costs that will result from joint administration will enhance the rights of all creditors.

16. Joint administration will also relieve the Court of the burden of entering duplicative orders and unnecessarily maintaining separate files. In addition, supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee for the Southern District of New York (the "*United States Trustee*") will be simplified.

17. Finally, the Debtors intend to request the authority from the United States Trustee to file monthly operating reports on a consolidated basis. Such consolidated reports would further administrative economy and efficiency and accurately reflect the Debtors' business operations and financial affairs, without prejudice to any party-in-interest.

18. Accordingly, the Debtors submit that joint administration of the above-captioned Chapter 11 cases is in the best interests of both Debtors, all creditors and parties-in-interest. The Debtors therefore request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Case No: 10-_____( ) |
|---|---|
| GREENWICH SENTRY, L.P. and GREENWICH SENTRY PARTNERS, L.P., | Chapter 11 |
| Debtors and Debtors-in-Possession. | (Jointly Administered) |

19. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Greenwich Sentry Partners, L.P., and Greenwich Sentry, L.P. The docket in Case No. 10-_____ (___) should be consulted for all matters affecting this case.

## NOTICE, PRIOR APPLICATIONS AND WAIVER OF BRIEF

20. No trustee, examiner or creditors' committee has been appointed in these cases. Notice of the Motion has been given by email, facsimile and/or hand delivery on the Petition Date to (i) the United States Trustee, (ii) the Debtors' 20 largest unsecured creditors, and (iii) all secured creditors known to the Debtors (collectively, the "*Notice Parties*"). In light of the emergent and procedural nature of the relief requested herein, the Debtor submits no other or further notice need be given.

21. The Debtor submits that the Motion does not present novel issues of law requiring the citation to any authority other than the authority cited herein and, accordingly, no brief is necessary.

22. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order, in substantially the form submitted herewith, granting the relief requested herein, and such other and further relief as may be just and proper.

Dated: November 19, 2010
      New York, New York

                Respectfully submitted,

                /s/ Paul R. DeFilippo
                Paul R. DeFilippo
                James N. Lawlor
                WOLLMUTH MAHER & DEUTSCH LLP
                500 Fifth Avenue
                New York, New York 10110
                Telephone: (212) 382-3300
                Facsimile: (212) 382-0050

                Proposed Attorneys for Greenwich Sentry,
                L.P. and Greenwich Sentry Partners, L.P.