**MILBERG LLP**
Robert A. Wallner
Kent A. Bronson
Kristi Stahnke McGregor
Charles Slidders
One Pennsylvania Plaza
New York, New York 10119
Tel.: (212) 594-5300

**SEEGER WEISS LLP**
Stephen A. Weiss
Christopher M. Van de Kieft
Parvin Aminolroaya
One William Street
New York, New York 10004
Tel.: (212) 584-0700

*Attorneys for David I. Ferber SEP IRA,*
*Frank E. Pierce and Frank E. Pierce IRA*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GREENWICH SENTRY, L.P. and<br>GREENWICH SENTRY PARTNERS, L.P.,<br><br>   Debtors and Debtors-in-Possession. | Case No: 10-16229 (BRL)<br><br>Chapter 11<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF LIMITED PARTNERS TO INTERIM FEE APPLICATION OF WOLLMUTH MAHER & DEUTSCH LLP FOR THE PERIOD OF NOVEMBER 19, 2010 THROUGH MARCH 31, 2011**

David I. Ferber SEP IRA, Frank E. Pierce and Frank E. Pierce IRA ("Objectors") respectfully submit this Limited Objection to the Interim Fee Application of Wollmuth, Maher & Deutsch LLP ("Applicants") for Allowance of Fees and Reimbursement of Expenses as Counsel for the Debtors and Debtors-in-Possession for the Period of November 19, 2010 through March 31, 2011 ("Application").  In support thereof, Objectors state as follows:

1. Objectors are limited partners of the Debtors.  In February 2009, Objectors filed derivative actions on behalf of the Debtors, seeking to recover damages incurred in connection with the Debtors' investments with Bernard L. Madoff Investment Securities LLC.[1]  On November 19, 2010, the Debtors filed Chapter 11 petitions, and moved to stay the derivative actions.

2. The complaints in the derivative actions assert claims for breach of fiduciary duty and other misconduct against the Debtors' management and other persons.

3. Because of the inherent conflicts faced by the Debtors' management -- who control the Debtors -- the Debtors are incapable of asserting or vigorously prosecuting claims against the management, or engaging in arms-length settlement negotiations with respect to such claims.  Accordingly, under the authority of *In re STN Enterprises*, 779 F.2d 901 (2d Cir. 1985), Objectors filed a motion (the "*STN* motion") for leave to bring adversary proceedings on behalf of the Debtors, or for alternative relief. *See* Dkt. 28.  A hearing on the *STN* motion is scheduled for May 10, 2011.

---

[1] *See David I. Ferber SEP IRA v. Fairfield Greenwich Group, et al.*, Index No. 600469/2009 (Sup. Ct. N.Y. County); *Frank E. Pierce and Frank E. Pierce IRA v. Fairfield Greenwich Group, et al.*, Index No. 600498/2009 (Sup. Ct. N.Y. County).

4. Applicants now request compensation of over $452,000 in fees and expenses. That amount reflects "a significant amount of time and effort opposing [the *STN*] motion." Application ¶ 13. Much of Applicant's work opposing the *STN* motion, in turn, reflects "coordinat[ion] with the Debtors' management to craft a thorough declaration" of Mark McKeefry, the general counsel of the Debtors' general partner. *Id*. That declaration (except for portions regarding certain exhibits), however, has been stricken from the record. *See* Dkt. 70.

5. In seeking compensation for its work opposing the *STN* motion, Applicant contends that the motion, if granted, "could have catastrophic effects on the Debtors' estates …." Application ¶ 13. That contention is without merit. Far from "catastrophic" effects on the Debtors, the *STN* motion, if granted, would substantially benefit the Debtors and maximize the value of their estates.[2] The only adverse effect would be upon the Debtors' management, who seek to escape liability for the substantial losses they caused the Debtors.

6. Applicant's work opposing the *STN* motion is not compensable, as it was neither "reasonably likely to benefit the debtor's estate" nor "necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A)(ii); *see In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996), *abrogated in part by Lamie v. U.S. Trustee*, 540 U.S. 526 (2004); *In re Colorado-Ute Electric Ass'n, Inc.*, 132 B.R. 174, 179-80 (Bankr. D. Colo. 1991). Indeed, Applicant's work has promoted the adverse interests of management at the expense of the estates.

---

[2] We incorporate herein the arguments set forth in the *STN* motion (Dkt. 28).

7. For the foregoing reasons, the Application should be denied with respect to work opposing the *STN* motion.

Dated: May 3, 2011

Respectfully submitted,

**MILBERG LLP**

By: /s/ Robert A. Wallner
      Robert A. Wallner
Kent A. Bronson
Kristi Stahnke McGregor
Charles Slidders
One Pennsylvania Plaza
New York, New York 10119
Tel.: (212) 594-5300
Fax: (212) 868-1229
rwallner@milberg.com
kbronson@milberg.com
kmcgregor@milberg.com
cslidders@milberg.com

**SEEGER WEISS LLP**
Stephen A. Weiss
Christopher M. Van de Kieft
Parvin Aminolroaya
One William Street
New York, New York 10004
Tel.: (212) 584-0700
Fax: (212) 584-0799
sweiss@seegerweiss.com
cvandekieft@seegerweiss.com
paminolroaya@seegerweiss.com

*Attorneys for David I. Ferber SEP IRA,
Frank E. Pierce and Frank E. Pierce IRA*

DOCS\554376v1