## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No: 10-16229 (BRL) |
| GREENWICH SENTRY, L.P. and GREENWICH SENTRY PARTNERS, L.P., | Chapter 11 |
| Debtors and Debtors-in-Possession. | (Jointly Administered)[1] |

## Proof of Interest Form

*This form is to be completed by holder(s) of a claim based on and/or arising from any investment activities in connection with either of Greenwich Sentry, L.P. and Greenwich Sentry Partners, L.P., Delaware limited partnerships and debtors and debtors-in-possession (each such claim, an "Interest").

| Interest Holder Information | |
|---|---|
| Name of Interest Holder: | David J. French Revocable Trust of 1991 |
| Contact Person (if difference from the name of Interest holder above) | |
| Address (House Number, Street Name, unit): | 1445 Ravean Ct. |
| Address (City, State, Zip Code): | Encinitas, CA  92024 |
| Telephone Number: | ☐ Mobile ☒ Home ☐ Office<br>760-632-9101 |
| Facsimile Number (if applicable): | |
| Email Address (if applicable): | dfrench3245@sbcglobal.net |
| Please indicate your preferred means of contact (check one): | ☐ US Postal ☒ Email ☐ Facsimile |

Additional information you feel necessary that would assist in processing your Proof of Interest:

_____

_____

_____

___

[1] Pursuant to the Order Granting the Debtors' Motion for an Order Directing Joint Administration of Related Chapter 11 Cases Pursuant to Fed.R.Bankr.P. 1015 [Docket No. 14], the Chapter 11 proceeding of Greenwich Sentry Partners, L.P., Case No.: 10-16230 (BRL) is to be jointly administered under the above-captioned matter.

2

## Amounts Invested

| Amount Invested:<br><br>$6,600,000 | Date of Investment:<br><br>1/1/2008 | Invested with:<br><br>☒ Greenwich Sentry, L.P.<br>☐ Greenwich Sentry Partners, L.P. |
|---|---|---|
| Is supporting documentation attached?<br><br>☒ Yes<br>☐ No | | Method of Monetary Transfer:<br>☐       Check<br>☒       Wire<br>☐       Rollover<br>☐       Other |

| Amount Invested: | Date of Investment: | Invested with:<br><br>☐ Greenwich Sentry, L.P.<br>☐ Greenwich Sentry Partners, L.P. |
|---|---|---|
| Is supporting documentation attached?<br><br>☐ Yes<br>☐ No | | Method of Monetary Transfer:<br>☐       Check<br>☐       Wire<br>☐       Rollover<br>☐       Other |

| Amount Invested: | Date of Investment: | Invested with:<br><br>☐ Greenwich Sentry, L.P.<br>☐ Greenwich Sentry Partners, L.P. |
|---|---|---|
| Is supporting documentation attached?<br><br>☐ Yes<br>☐ No | | Method of Monetary Transfer:<br>☐       Check<br>☐       Wire<br>☐       Rollover<br>☐       Other |

| Amount Invested: | Date of Investment: | Invested with:<br><br>☐ Greenwich Sentry, L.P.<br>☐ Greenwich Sentry Partners, L.P. |
|---|---|---|
| Is supporting documentation attached?<br><br>☐ Yes<br>☐ No | | Method of Monetary Transfer:<br>☐       Check<br>☐       Wire<br>☐       Rollover<br>☐       Other |

## With Respect to All Amounts Invested Set Forth Above, Provide the Following Information Regarding All Amounts Received (Distributions, Withdrawals and Self Directed Payment if Applicable)

| Amount Received:<br><br>$3,500,000 | Method of Monetary Transfer:<br>☐ Check<br>☒ Wire<br>☐ Rollover<br>☐ Other |
|---|---|
| Date Received: 2/28/2008 | |
| Is supporting documentation attached? ☒ Yes ☐ No | |

**Notes:**

_____

_____

| Amount Received: .<br><br>$1,500,000 | Method of Monetary Transfer:<br>☐ Check<br>☒ Wire<br>☐ Rollover<br>☐ Other |
|---|---|
| Date Received: 8/31/2008 | |
| Is supporting documentation attached? ☒ Yes ☐ No | |

**Notes:**

_____

_____

| Amount Received: | Method of Monetary Transfer:<br>☐ Check<br>☐ Wire<br>☐ Rollover<br>☐ Other |
|---|---|
| Date Received: | |
| Is supporting documentation attached? ☐ Yes ☐ No | |

**Notes:**

_____

_____

| Amount Received: | Method of Monetary Transfer:<br>☐ Check<br>☐ Wire<br>☐ Rollover<br>☐ Other |
|---|---|
| Date Received: | |
| Is supporting documentation attached? ☐ Yes ☐ No | |

**Notes:**

Please send duplicate copies of all correspondence related to the Proof of Interest to Vogel Consulting LLC by email to statements@vogelcg.com.

Please include copies of the following documentation:
- Supporting documentation of investments including statements and proof of funds sent to or received by Greenwich Sentry, L.P. and/or Greenwich Sentry Partners, L.P.
- Supporting documentation of services rendered including notes payable, statements, etc. sent to or received by Greenwich Sentry, L.P. and/or Greenwich Sentry Partners, L.P.
- Any investment or subscription documents.
- Marketing materials you received that helped in making your investment decision.
- Supporting documentation of any withdrawals, distributions or redemptions received with respect to your investments.

If there is further information you wish to relay that cannot be completed on this form, please include a cover letter with details and supporting documentation of any claims made or complete the "Additional Information" section on the first and second pages of this form.

| | |
|---|---|
| *Signature and date:* | |
| ✱ *[signature]* | _MAY 13, 2011_ |
| By: David J. French, Trustee | Date |

*Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct and that any and all attached or enclosed document are true and correct copies of the original documents.*

5

**Authorized Signatories:**

Set forth below are the names of persons authorized by the New Limited Partner to give and receive instructions between the Partnership (or Citco (Canada) Inc, its Sub-Administrator) and the New Limited Partner, together with their respective signatures. Such persons are the only persons so authorized until further written notice to the Sub-Administrator signed by one or more of such persons.

(please attach additional pages if needed)

| Name | Signatures |
|---|---|
| David J. French | *All of French* |
| | |
| | |
| | |
| | |
| | |

**Standing Wire Instructions:**

Until further written notice to the Sub-Administrator signed by one or more of the persons listed above, funds may be wired to the New Limited Partner (for instance, upon withdrawal) using the following instructions:

Bank Name: Marshall & Ilsley Bank

Bank Address: 770 N. Water Street, Milwaukee, WI 53202

ABA or CHIPS Number: ███████51

Account Name: _____

Account Number: ████████

Reference: David J. French Rev Trust Custody Account # ███████01-9

CLIENT COPY

808

## GREENWICH SENTRY, L.P.

### INSTRUCTIONS TO SUBSCRIPTION AGREEMENT

Any person desiring to become a limited partner of Greenwich Sentry, L.P. (the "Partnership") should:

(a) complete and execute two copies of the attached Subscription Agreement (the "Agreement"), offering to make a capital contribution on a specified date (the "Admission Date") in the amount set forth below his or her name at the end of the Subscription Agreement; and

(b) send a completed and executed copy of this subscription agreement and all attachments hereto to the Partnership's Sub-Administrator via facsimile to (416) 966-0925 with completed and executed originals of all documents to follow via courier to the Partnership's Sub-Administrator: Citco (Canada) Inc. Attn: Investor Relations Group, 2 Bloor Street East, Suite 2700, Toronto, Ontario M4W 1A8, Canada.

The Sub-Administrator will process subscription requests on behalf of the Partnership. The Sub-Administrator on behalf of the Partnership will advise each subscriber promptly of its acceptance of any offer to become a limited partner of the Partnership, but Fairfield Greenwich (Bermuda) Ltd. (the "General Partner") has the right to refuse any offer to become a limited partner for any reason.

Payment in United States currency by bank-to-bank wire transfer in the amount of the subscription must be received by the Partnership at least three business days prior to the Admission Date pursuant to the payment instructions below.

Payment by wire transfer should be sent referencing the subscriber's name to:

*Intermediary Bank - field 56*
HSBC Bank U.S.A., New York
BIC:           MRMDUS33
Fed wire:      021001088
*Account with Institution - Field 57*
Account name:           Citco Banking Corporation N.V.
Account number:           ▮▮▮▮795
BIC: CITCANCU
*Beneficiary Customer -Field 59*
Beneficiary Bank Account Number:           ▮▮▮▮200
Beneficiary Account Name and Full Address:           Greenwich Sentry, L.P.

**IMPORTANT**

1.  Please have your bank identify your name on the wire transfer.

2.  We recommend that your bank charge its wiring fees separately so that the amount you have elected to invest may be invested.

CLEARED FUNDS MUST BE IN THE PARTNERSHIP'S ACCOUNT AT LEAST (3) THREE BUSINESS DAYS PRIOR TO THE DATE ON WHICH THE INVESTOR IS ADMITTED TO THE PARTNERSHIP.

David. S. French Revocable

The undersigned, Trust of 1991 ("New Limited Partner"), and Greenwich Sentry, L.P., a Delaware limited partnership (the "Partnership"), hereby agree as follows:

FIRST: The New Limited Partner desires to become a limited partner of the Partnership on January 1, 2008 (the "Admission Date"). In accordance with the terms of the Limited Partnership Agreement of the Partnership (the "Partnership Agreement"), the New Limited Partner will make a capital contribution to the Partnership on the Admission Date in the amount set forth below his or her name at the end of this Subscription Agreement and the Partnership agrees to admit the New Limited Partner as a limited partner on the Admission Date.

SECOND: EACH NEW LIMITED PARTNER MUST COMPLETE THE APPROPRIATE REPRESENTATIONS SET FORTH BELOW RELATING TO ITS ACCREDITED INVESTOR STATUS, QUALIFIED PURCHASER STATUS AND BENEFIT PLAN INVESTOR STATUS:

**Accredited Investor Status:**

The New Limited Partner represents that it is an "accredited investor" within the meaning of Regulation D under the Securities Act of 1933, as amended (the "Securities Act"), and has indicated below each category under which the New Limited Partner qualifies as an accredited investor.

The New Limited Partner is as of the Admission Date:

❑ (i) an individual who had an income in excess of $200,000 in each of the two most recent years (or joint income with his or her spouse in excess of $300,000 in each of those years) and has a reasonable expectation of reaching the same income level in the coming year;

❑ (ii) an individual who has a net worth (or joint net worth with his or her spouse) in excess of $1,000,000;

☒ (iii) an Individual Retirement Account ("IRA") or revocable trust and the individual who established the IRA or each grantor of the trust is an accredited investor on the basis of (i) or (ii) above;

❑ (iv) a self-directed pension plan and the participant who directed that assets of his or her account be invested in the Partnership is an accredited investor on the basis of (i) or (ii) above and such participant is the only participant whose account is being invested in the Partnership;

❑ (v) a pension plan which is not a self-directed plan and which has total assets in excess of $5,000,000;

❑ (vi) an irrevocable trust which consists of a single trust (a) with total assets in excess of $5,000,000, (b) which was not formed for the specific purpose of investing in the Partnership and (c) whose purchase is directed by a person who has such knowledge and experience in financial and business matters that he or she is capable of evaluating the merits and risks of the prospective investment;

❑ (vii) a corporation, a partnership or a Massachusetts or similar business trust, that was not formed for the specific purpose of acquiring interest in the Partnership, with total assets in excess of $5,000,000;

❑ (viii) an entity in which all of the equity owners are accredited investors; or

1

☐ (ix) none of the above apply (further information may be required to determine accredited investor status).

**Qualified Purchaser Status:**

The New Limited Partner represents and warrants that it is a "qualified purchaser" within the meaning of Section 2(a)(51) of the Investment Company Act of 1940, as amended (the "Investment Company Act") and has indicated below each category under which the New Limited Partner qualifies as a qualified purchaser. In order to complete the following information, New Limited Partners should refer to the attached "Worksheet" for the definition of "Investments" and for information regarding the valuation of Investments.

The New Limited Partner is as of the Admission Date:

☐ <u>Individual</u>. An individual who owns not less than $5,000,000 in "Investments";

☐ <u>IRA or Self-Directed Pension Plan</u>. An IRA or a self-directed pension plan and the individual who established the IRA or the individual responsible for directing the investment of assets in the Partnership is an individual who owns not less than $5,000,000 in "Investments";

☐ <u>Family Company</u>. A corporation, partnership or trust that (i) was not formed for the specific purpose of acquiring an interest in the Partnership, (ii) will not have more than 40% of its net assets invested in the Partnership, (iii) owns not less than $5,000,000 in "Investments" and (iv) is owned directly or indirectly by or for two or more natural persons who are related as siblings or spouses (including former spouses), or direct lineal descendants by birth or adoption, spouses or estates of such persons, or foundations, charitable organizations or trusts established by or for the benefit of such persons;

☒ <u>Trust</u>. A trust that (i) was not formed for the purpose of acquiring an interest in the Partnership and (ii) as to which the trustee or other person authorized to make decisions with respect to the trust, and each settlor or other person who has contributed assets to the trust, is a "qualified purchaser";

☐ <u>Employee Benefit Plan</u>. An employee benefit plan that (i) owns not less than $25,000,000 in "Investments" and (ii) does not permit its participants to decide whether and how much to invest in particular investment alternatives;

☐ <u>Private Investment Fund</u>. A corporation, partnership or trust (an "entity") that (i) was not formed for the specific purpose of acquiring an interest in the Partnership, (ii) would be an investment company under the Investment Company Act but for the exclusions from investment company status in Section 3(c)(1) or 3(c)(7) thereof, (iii) owns not less than $25,000,000 in "Investments", and (iv) in which each pre-April 30, 1996 beneficial owner of which has consented to the treatment of the entity as a "qualified purchaser";

☐ <u>Entity Generally</u>. An entity, other than a private investment fund (see (f) above) or employee benefit plan (see (e) above), that (i) was not formed for the specific purpose of investing in the Partnership and (ii) owns and invests on a discretionary basis, for its own account or for the accounts of "qualified purchasers", $25,000,000 or more in "Investments";

☐ <u>Entity Composed Entirely of Qualified Purchasers</u>. An entity, each beneficial owner of the securities of which is a "qualified purchaser";

2

☐     <u>Qualified Institutional Buyer</u>. A "qualified institutional buyer" as defined in Rule 144A under the Securities Act, acting for its own account, the account of another qualified institutional buyer, or the account of a "qualified purchaser" (please refer to special instructions on the attached worksheet); or

☐     none of the above applies (further information may be required to determine qualified purchaser status).

**Benefit Plan Investor Status:**

      The New Limited Partner represents and warrants by indicating below that it is not, and for so long as it is a Limited Partner will not be, a "Benefit Plan Investor" within the meaning of U.S. Department of Labor Regulation 29 CFR 2510.3-101 (the "Plan Assets Regulation"); or that if it is a Benefit Plan Investor it represents and warrants by indicating below the category under which the New Limited Partner qualifies as a Benefit Plan Investor. Generally, a Benefit Plan Investor is any plan or fund organized by an employer or employee organization to provide retirement, deferred compensation, welfare or similar benefits to employees, an IRA, Keogh Plan or an entity, including a hypothetical entity described in Section (g) of the Plan Assets Regulation, with 25% or more of any class of equity that is owned by such plans and that is primarily engaged in the business of investing capital.

      The New Limited Partner is as of the Admission Date:

☐     (i) an employee benefit plan or trust that is subject to the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (e.g., pension, profit-sharing and 401(k) plans, but does not include US governmental plans, certain church plans and non-US employee pension and welfare benefit plans (**Code: BPI–E**);

☐     (ii) individual retirement accounts, certain Keogh Plans and other individual arrangements subject to Section 4975(e)(1) of the Internal Revenue Code of 1986, as amended (the "Code") (**Code: BPI – IRC**);

☐     (iii) an entity whose underlying assets include "plan assets" by operation of the plan's investment in the entity and such plan investors include (1) one or more U.S. pension benefit plans, welfare benefit plans or similar plans subject to ERISA and/or (2) one or more individual retirement accounts or Keogh plans (including by reason of 25% or more of any class of equity interests in the entity being held by Benefit Plan Investors that include any plan described above) (**Code: BPI-25%-E**). **If the New Limited Partner is an entity whose underlying assets include "plan assets," indicate the percentage of such assets that constitute "plan assets" within the meaning of ERISA. ___% The New Limited Partner agrees to update the percentage of the entity that constitutes "plan assets" at such time or times as the General Partner and/or Administrator may reasonably request;**

☐     (iv) an insurance company general account whose underlying assets include "plan assets" and, the undersigned hereby represents and warrants that the percentage of such assets used to purchase the investment that represents plan assets does not exceed the following percentage: ____% (**Code: BPI-ICGA-E**); or

☒     (iv) not a Benefit Plan Investor.

      THIRD: The New Limited Partner further represents, warrants, acknowledges and agrees that:

      (a)     The New Limited Partner (or its Purchaser Representative, if any, who has been designated by it) is entering into this Agreement relying solely on the facts and terms set forth in this Agreement, the Confidential Offering Memorandum of the Partnership, as amended from time to time,

3

(the "Memorandum") and the Partnership Agreement and it has received copies of all such documents and the General Partner has not made any representations of any kind or nature to induce the New Limited Partner to enter into this Agreement except as specifically set forth in such documents;

(b)     The New Limited Partner (or such Purchaser Representative) has made an investigation of the pertinent facts relating to the operation of the Partnership and has reviewed the terms of the Partnership Agreement to the extent that it deems necessary in order to be fully informed with respect thereto;

(c)     The New Limited Partner (or such Purchaser Representative) has such knowledge and experience in financial and business matters that it is capable of evaluating the merits and risks of an investment in the Partnership and the New Limited Partner is able to bear the economic risk of a complete loss of its investment in the Partnership;

(d)     The New Limited Partner will be acquiring the limited partnership interest for investment, for its own account and not for the interest of any other person and not for distribution or resale to others, and it will not permit any other person to acquire a beneficial interest in the limited partnership interest (including, without limitation, by pledge, option, swap or nominee or similar relationship or, if it is acquiring the interests as nominee or custodian for another person or entity (the "Underlying Owner") will not permit the Underlying Owner to permit any other person to acquire a beneficial interest in the limited partnership interest) without the consent of the General Partner. It understands that the limited partnership interests have not been registered under the Securities Act, and it agrees that its interest in the Partnership may not be sold, transferred or otherwise disposed of except pursuant to an exemption from registration under the Securities Act. It will not assign its interest in the Partnership or any beneficial interest therein, in whole or in part, to any other person, nor will it be entitled to substitute for itself as a limited partner any other person, except with the written consent of the General Partner in its sole discretion;

(e)     The New Limited Partner understands the effect of the limitations on disposition and of its representation that its interest in the Partnership will not be sold, transferred or otherwise disposed of except pursuant to an exemption from registration under the Securities Act. It understands that transfers can be made only with the consent of the General Partner in its sole discretion; and

(f)     No person is acting or authorized to act as its Purchaser Representative in connection with its capital contribution to the Partnership, except the person set forth on the signature page of this Agreement as its Purchaser Representative.

FOURTH: If the New Limited Partner is a corporation, partnership, trust or other entity, it represents that it is duly organized, validly existing and in good standing under the laws of its jurisdiction of organization, and the execution, delivery and performance by it of this Subscription Agreement are within its powers and have been duly authorized by all necessary action on its behalf.

FIFTH: If the New Limited Partner is a corporation, partnership, limited liability company or other entity, the New Limited Partner represents and warrants that (i) it was not formed for the purpose of investing in the Partnership, (ii) based on the most recent valuations available, the New Limited Partner's investment in the Partnership constitutes less than 40% of its net assets and it agrees to promptly notify the Partnership if this changes, and (iii) the New Limited Partner agrees to notify the Partnership promptly if its investment in the Partnership exceeds 40% of its net assets.

SIXTH: If the New Limited Partner is a corporation, partnership, limited liability company, trust or other entity, the New Limited Partner represents that (i) the person executing this Agreement and the Limited Partnership Agreement for the New Limited Partner has the full power and authority under the New Limited Partner's governing instruments to do so and the New Limited Partner has the full power and authority under its governing instruments to become a limited partner in the Partnership, and (ii) the equity owners of the New Limited Partner share in the profits and losses of all investments of the New Limited Partner in the same way as the basis of their proportional ownership, and do not have non-pro rata interests in specified investments of the New Limited Partner.

**SEVENTH:** If the New Limited Partner is a Benefit Plan Investor subject to ERISA or Section 4975 of the Code (a "Plan"), the fiduciary executing this Agreement on behalf of such a New Limited Partner (the "Fiduciary") acknowledges that it is intended that the Partnership will not hold ERISA "plan assets" as defined by the Plan Assets Regulation (e.g., less than 25% of any class of equity interest of the Partnership will be owned by Benefit Plan Investors). Accordingly, the New Limited Partner acknowledges that the General Partner has the authority to require the retirement or withdrawal of any limited partnership interest if the continued holding of such interest, in the opinion of the General Partner, could result in the Partnership being subject to ERISA or Section 4975 of the Code, and the New Limited Partner and the Fiduciary represent and warrant to the Partnership and the General Partner that:

(a) The Fiduciary has considered the following with respect to the Plan's investment in the Partnership and has determined that, in view of such considerations, the purchase of the Partnership interest is consistent with the Fiduciary's responsibility under ERISA or the Code: including, (i) whether the investment in the Partnership is prudent for the Plan; (ii) whether the risk, structure and operation of the incentive allocation arrangement has been adequately disclosed, furthers the interests of the Plan and provides reasonable compensation to the General Partner; (iii) whether the Plan's current and anticipated liquidity needs would be met, given the limited rights to redeem or transfer the limited partnership interest; (iv) whether the investment would permit the Plan's overall portfolio to remain adequately diversified; (v) whether the investment is permitted under documents governing the Plan; (vi) whether the investment may result in any unrelated business taxable income to the Plan; and (vii) with respect to an IRA, the possible risk of loss of the IRA's tax-exempt status if an investment in the Partnership is found to violate the requirements of the Code; and

(b) The Fiduciary (i) is responsible for the decision to invest in the Partnership; (ii) has determined that the Partnership is not a "party in interest" or "disqualified person" (as such terms are defined in ERISA and the Code) with respect to the Plan; (iii) is qualified to make such investment decision and has to the extent it deems necessary has consulted its own investment advisors and legal counsel regarding the investment in the Partnership; and (iv); in making its decision to invest in the Partnership has not relied on any advice or recommendation of the Partnership, the General Partner or any of their affiliates.

**EIGHTH:** The New Limited Partner represents that concurrently with the execution of this Agreement, the New Limited Partner has executed and delivered to the Partnership a counterpart of the Limited Partnership Agreement of the Partnership, to be effective upon the New Limited Partner's admission as a partner in the Partnership.

**NINTH:** (a) The New Limited Partner understands and agrees that the Partnership prohibits the investment of funds by any persons or entities that are acting, directly or indirectly, (i) in contravention of any U.S. or international laws and regulations, including anti-money laundering regulations or conventions, (ii) on behalf of terrorists or terrorist organizations, including those persons or entities that are included on the List of Specially Designated Nationals and Blocked Persons maintained by the U.S. Treasury Department's Office of Foreign Assets Control[1] ("OFAC"), as such list may be amended from time to time, (iii) for a senior foreign political figure, any member of a senior foreign political figure's immediate family or any close associate of a senior foreign political figure[2], unless the General Partner, after being specifically notified by the New Limited Partner in writing that it is such a person, conducts further due diligence, and determines that such investment shall be permitted, or (iv)

---

[1]    The OFAC list may be accessed on the web at http://www.treas.gov/ofac.

[2]    Senior foreign political figure means a senior official in the executive, legislative, administrative, military or judicial branches of a foreign government (whether elected or not), a senior official of a major foreign political party, or a senior executive of a foreign government-owned corporation. In addition, a senior foreign political figure includes any corporation, business or other entity that has been formed by, or for the benefit of, a senior foreign political figure. The immediate family of a senior foreign political figure typically includes the political figure's parents, siblings, spouse, children and in-laws. A close associate of a senior foreign political figure is a person who is widely and publicly known internationally to maintain an unusually close relationship with the senior foreign political figure, and includes a person who is in a position to conduct substantial domestic and international financial transactions on behalf of the senior foreign political figure.

for a foreign shell bank[3] (such persons or entities in (i) – (iv) are collectively referred to as "Prohibited Persons").

        (b) The New Limited Partner represents, warrants and covenants that: (i) it is not, nor is any person or entity controlling, controlled by or under common control with the New Limited Partner, a Prohibited Person, and (ii) to the extent the New Limited Partner has any beneficial owners[4], (A) it has carried out thorough due diligence to establish the identities of such beneficial owners, (B) based on such due diligence, the New Limited Partner reasonably believes that no such beneficial owners are Prohibited Persons, (C) it holds the evidence of such identities and status and will maintain all such evidence for at least five years from the date of the New Limited Partner's complete withdrawal from the Partnership, and (D) it will make available such information and any additional information that the Partnership may require upon request in accordance with applicable regulations.

        (c) If any of the foregoing representations, warranties or covenants ceases to be true or if the Partnership no longer reasonably believes that it has satisfactory evidence as to their truth, notwithstanding any other agreement to the contrary, the Partnership may, in accordance with applicable regulations, be obligated to freeze the New Limited Partner's investment, either by prohibiting additional investments, declining or suspending any withdrawal requests and/or segregating the assets constituting the investment, or the New Limited Partner's investment may immediately be involuntarily withdrawn by the Partnership, and the Partnership may also be required to report such action and to disclose the New Limited Partner's identity to OFAC or other authority. In the event that the Partnership is required to take any of the foregoing actions, the New Limited Partner understands and agrees that it shall have no claim against the Partnership, the General Partner, the Administrator, the Sub-Administrator and their respective affiliates, directors, members, partners, shareholders, officers, employees and agents for any form of damages as a result of any of the aforementioned actions.

        (d) The New Limited Partner understands and agrees that any withdrawal proceeds paid to it will be paid to the same account from which the New Limited Partner's investment in the Partnership was originally remitted, unless the General Partner, in its sole discretion, agrees otherwise.

        **TENTH:** The New Limited Partner agrees to indemnify and hold harmless the Partnership, the General Partner, the Administrator, the Sub-Administrator and their respective directors, members, partners, shareholders, officers, employees, agents and affiliates from and against any and all losses, liabilities, damages, penalties, costs, fees and expenses (including legal fees and disbursements) that may result, directly or indirectly, from any inaccuracy in or breach of any representation, warranty, covenant or agreement set forth in this Agreement or in any other document executed by the New Limited Partner relating to the Partnership.

        **ELEVENTH:** The New Limited Partner recognizes that the General Partner does not disclose nonpublic personal information about current or former investors in the Partnership to third parties other than as described below. The General Partner collects information about investors (such as name, address, social security number, assets and income) from its discussions with the investors, from documents that the investor may deliver to the General Partner and in the course of providing services for the investor. The General Partner may use this information to provide services to the investor, to cause the issuance of limited partnership interests in the Partnership to the investor or otherwise in furtherance of the General Partner's business. In order to effect transactions on behalf of the investor, the General Partner may provide such personal information to its affiliates and to firms that assist the General Partner

---

[3]    Foreign shell bank means a foreign bank without a physical presence in any country, but does not include a regulated affiliate. A post office box or electronic address would not be considered a physical presence. A regulated affiliate means a foreign shell bank that: (1) is an affiliate of a depository institution, credit union, or foreign bank that maintains a physical presence in the United States or a foreign country, as applicable; and (2) is subject to supervision by a banking authority in the country regulating such affiliated depository institution, credit union, or foreign bank.

[4]    Beneficial owners will include, but not be limited to: (i) shareholders of a corporation; (ii) partners of a partnership; (iii) members of a limited liability company; (iv) investors in a fund-of-funds; (v) the grantor of a revocable or grantor trust; (vi) the beneficiaries of an irrevocable trust; (vii) the individual who established an IRA; (viii) the participant in a self-directed pension plan; (ix) the sponsor of any other pension plan; and (x) any person being represented by the New Limited Partner in an agent, representative, intermediary, nominee or similar capacity. If the beneficial owner is itself an entity, the information and representations set forth herein must also be given with respect to its individual beneficial owners. If the New Limited Partner is a publicly-traded company, it need not conduct due diligence as to its beneficial owners.

or its affiliates in servicing the Partnership or other private investment funds managed by the General Partner or an affiliate and have a need for such information, such as a broker or fund administrator. The General Partner may also disclose such information to service providers. The General Partner requires third party service providers to protect the confidentiality of such information and to use the information only for the purposes for which they disclose the information to them. The General Partner does not otherwise provide information about the undersigned to outside firms, organizations or individuals except to their attorneys, accountants and auditors or as required or permitted by law. The General Partner restricts access to nonpublic personal information about the investor to its employees who need to know that information to provide products or services to the investor. The General Partner maintains physical, electronic and procedural safeguards to guard personal information.

**TWELFTH:** The New Limited Partner acknowledges receipt of Part II of the General Partner's Form ADV at least 48 hours prior to executing this Agreement.

**THIRTEENTH:** The New Limited Partner hereby agrees that (i) any statements, representations, warranties or covenants made hereunder will be deemed to be reaffirmed by it at any time it makes an additional capital contribution to the Partnership by completion of the annexed Additional Subscription Form and such additional contribution will be evidence of such reaffirmation, and (ii) if any of the statements, representations, warranties or covenants made herein become untrue or inaccurate, the undersigned shall immediately notify the Partnership.

**FOURTEENTH:** This Agreement shall inure to the benefit of and be binding upon each of the parties hereto, his or her heirs and legal representatives. This Agreement may be executed in counterparts, all of which when taken together shall be deemed one original.

**FIFTEENTH:** By executing this Agreement, the New Limited Partner specifically agrees that it will keep confidential and will not disclose to third parties (other than its tax or other financial advisors under like conditions of confidentiality) any and all information regarding the Partnership including Partnership performance; provided, however, that this confidential treatment shall not apply to the tax treatment and tax structure of an investment in the Partnership and all materials of any kind (including opinions or other tax analyses) that are provided to the New Limited Partner relating to such tax treatment and tax structure.

SPECIAL NOTICE TO GEORGIA INVESTORS: THE LIMITED PARTNERSHIP INTERESTS WILL BE SOLD IN RELIANCE ON THE EXEMPTION FROM SECURITIES REGISTRATION CONTAINED IN PARAGRAPH 13 OF CODE SECTION 10-5-9 OF THE GEORGIA SECURITIES ACT OF 1973, AND MAY NOT BE SOLD OR TRANSFERRED EXCEPT IN A TRANSACTION WHICH IS EXEMPT FROM SUCH ACT OR PURSUANT TO AN EFFECTIVE REGISTRATION UNDER SUCH ACT.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement this 21 day of December, 2007 .

GREENWICH SENTRY, L.P.
By: Fairfield Greenwich (Bermuda) Ltd.

By:_____
   Name:
   Title:

Please send all correspondence to:
Vogel Consulting
3415 Gateway Road, Suite 200
Brookfield, WI 53045-5111
(262)790-4960 FAX (262)790-4990

Attn: Shannon Zur
statements @ vogelcg.com

AND

Gary Williamson
4027 S. Business Dr.
Suite 203
Sheboygan, WI 53081

New Limited Partner:

_____

Name of New Limited Partner
David J. French Revocable Trust of 1991

Signature of New Limited
Partner or Authorized Signatory[5]

_Ned J. French_

Title of Authorized Signatory
David J. French, Trustee

Taxpayer Identification or Social Security
Number of New Limited Partner
███████ - 4878

Purchaser Representative (if any):

Name:_____

Address:_____

_____

_____

Capital Contribution:
$ 6.6 Million

Residence Address of New Limited Partner:

1445 Ravean Court      No
Encinitas, CA 92024   Correspondence

Residence telephone number:
760 - 632 - 9101

Business telephone number:

_____

Facsimile number:

_____

E-mail address:

_____

---

[5] If the New Limited Partner is an IRA or a self-directed pension plan, the custodian or trustee of the New Limited Partner is required to execute this Agreement and the Fiduciary who directed the IRA's or pension plan's investment in the Partnership is required to execute the representation on the next page.

8

## ADDITIONAL REPRESENTATION WITH RESPECT TO
## INVESTMENT BY AN IRA OR SELF-DIRECTED PENSION PLAN

If the New Limited Partner is an IRA or self-directed pension plan, the individual who established the IRA or the individual who directed the pension plan's investment in the Partnership, as the case may be, the "Fiduciary": (i) has directed the custodian or trustee of the New Limited Partner to execute the Limited Partnership Agreement of the Partnership and to execute this Agreement on the line set forth above for Authorized Signatory; and (ii) has signed below to indicate that he or she has reviewed, directed and certifies to the accuracy of the representation and warranties made by the New Limited Partner herein.

Name _____

Signature _____

Name and Address of Custodian
and Contact Individual:

_____

_____

_____

Account or other Reference Number:

_____

Custodian's Tax I.D. Number:

_____

9

**WORKSHEET**

Determination of "Investments" for
Purposes of Section SECOND of this Agreement

When determining your ownership in "Investments" the following general rules are applicable:

1.    Investments should be valued at either their fair market value as of the most recent practicable date or cost.

2.    Investments include investments held jointly with the New Limited Partner's spouse.

3.    Investments include investments held in any IRA, 401(k) or similar retirement account directed by the New Limited Partner and held for the New Limited Partner's benefit.

4.    There must be excluded from the value of each Investment the principal amount of any outstanding debt, including margin loans, incurred by the New Limited Partner (or any of the owners of the New Limited Partner) to acquire or for the purpose of acquiring the Investment.

5.    Investments include the following:

      (A)    securities which are publicly-traded and listed on a U.S. national securities exchange or traded on NASDAQ;

      (B)    shares in registered investment companies such as mutual funds and money market funds;

      (C)    interests in private investment companies such as hedge funds, commodity pools and similar private investment companies;

      (D)    cash and cash equivalents (including foreign currencies) held for investment purposes;

      (E)    real estate held for investment purposes;

      (F)    shares of non-public companies which have total shareholder equity of $50 million or more; and

      (G)    commodity interests, including commodity futures contracts and options thereon, swaps and other financial contracts.

6.    Investments **DO NOT** include the following:

      (A)    jewelry, artwork, antiques and collectibles;

      (B)    investments held in retirement accounts where the New Limited Partner does not make the investment decisions (e.g., an employer retirement plan where the investment decisions are not directed by the New Limited Partner); and

      (C)    shares in a non-public company in which the New Limited Partner has a controlling interest (presumed to exist if the New Limited Partner owns more than 25% of the voting interests).



# INSTITUTIONAL TRUST SERVICES

111 East Kilbourn Avenue, Suite 200
Milwaukee, WI 53202-6656
414 287-8700 Phone
800 342-2265 Toll free
mitrust.com

December 27, 2007

Via mail and Facsmile

Greenwich Sentry, L.P.
c/o Citco (Canada) Inc.
Attn: Invstor Relations Group
2 Bloor Street East
Suite 2700
Toronto
Ontario M4W 1A8
Canada

Tel: (416) 969-6700
Fax: (416) 966-0925
E-mail: irtor@citco.com

Dear Sirs:

Re: Greenwich Sentry, L.P.

We, Marshall & Illsley Trust Company, N.A., licensed under the laws of the United States adhere to the anti-money laundering laws, regulations and guidelines applicable in the United States ("Applicable AML Regulations") and identify all our customers'in accordance with the same.

We confirm that David J French Revocable Trust of 1991 is an account with us and we hereby confirm as follows:

Name of Remitting Institution: M&I Marshall & Ilsley Bank
Address of the Remitting Institution: 770 North Water Street Milwaukee, WI 53202
Name of Subscriber: David J French Revocable Trust of 1991
Address of Subscriber: 3415 Gateway Road, Brookfield, WI 53045-5111
Name of Subscriber Account Being Debited: David J French Revocable Trust of 1991

We have credited your account at:
Intermediary Bank –field 56
HSBC Bank U.S.A, New York
BIC: MRMDUS33
Fed Wire:021001088
Account with Institution – field 57
Account Name: Citco Banking Corporation N.V.
Account Number: █████95
BIC: CITCANCU
Beneficiary Customer – field 59

M&I Institutional Trust Services offers products and services available through various affiliates of Marshall & Ilsley Corporation, including Marshall & Ilsley Trust Company N.A. and M&I Investment Management Corp.
Investment products are: Not FDIC Insured | No Bank Guarantee | May Lose Value

7.  Special instructions for a New Limited Partner that is a qualified purchaser based on its status as a "qualified institutional buyer" within the meaning of Rule 144A under the Securities Act. In order to be a qualified purchaser if the New Limited Partner is a dealer as described in paragraph (a)(1)(ii) of Rule 144A, the New Limited Partner must own and invest on a discretionary basis at least $25 million in securities of issuers that are not affiliated persons of the dealer. In addition, a plan referred to in paragraph (a)(1)(D) or (a)(1)(E) of Rule 144A, or a trust fund referred to in paragraph (a)(1)(F) of Rule 144A that holds the assets of such a plan will not be deemed to be acting for its own account and, accordingly, will not be deemed to be a qualified purchaser on the basis of "qualified institutional buyer" status if investment decisions with respect to the plan are made by beneficiaries of the plan, except with respect to investment decisions made solely by the fiduciary, trustee or sponsor plan.



# INSTITUTIONAL TRUST SERVICES

111 East Kilbourn Avenue, Suite 200
Milwaukee, WI 53202-6656
414 287-8700 Phone
800 342-2265 Toll free
mitrust.com

Beneficiary Bank Account Number ██████████ 200
Beneficiary Account Name and Full Address: Greenwich Sentry, L.P.
Amount of Funds Transferred: $6,600,000
Date of Funds Transferred: 12/27/2007

We further confirm that (i) there have been no suspicious activities involving the customer, (ii) in accordance with Applicable AML Regulations, we hold satisfactory evidence of the identity of David J French Revocable Trust of 1991.

The above information in strictest confidence for your own use only and without any guarantee, responsibility on the the part of the institution or its officials.

Yours Sincerely,

Kim Palleon
Vice President

M&I Institutional Trust Services offers products and services available through various affiliates of Marshall & Ilsley Corporation, including Marshall & Ilsley Trust Company N.A. and M&I Investment Management Corp. Investment products are: Not FDIC Insured | No Bank Guarantee | May Lose Value



# CITCO

*Citco Fund Services (Europe) B.V.*

## GREENWICH SENTRY, L.P.

### FOR THE CALENDAR MONTH OF JANUARY 2008
### (EXPRESSED IN US DOLLARS & UNAUDITED)

Shannon Zur
Vogel Consulting
3415 Gateway Road, Suite 200
Brookfield, WI 53045-5111
United States

E-Mail: statements@vogelcg.com

Capital Account Statement for : **David J. French Revocable Trust of 1991**

|  | January | Year-to-Date |
|---|---|---|
| Beginning Equity | $          - | $          - |
| Capital Additions | 6,600,000 | 6,600,000 |
| Capital Withdrawals | - |  |
| Profit/(Loss) * | 57,270 | 57,270 |
| Ending Equity | $ 6,657,270 | $ 6,657,270 |

\* Net results reflect the deduction of all operational expenses (including brokerage commissions), management fees and potential profit allocation to the General Partner.

Inquiries may be directed to the Sub-Administrator, Citco (Canada) Inc., by phone to 416-969-6700, by fax to 416-966-0925 or by email to irtor@citco.com.

*Telestone 8 - Teleport*
*Naritaweg 165*
*P.O. Box 7241*
*1007 JE Amsterdam*
*The Netherlands*

*amsterdam-fund@citco.com*
*www.citco.com*

*Phone: +31 (0)20 572 2850*
*Fax: +31 (0)20 572 2610*
*Chamber of Commerce: 33253773*

## WITHDRAWAL REQUEST FORM
## INSTRUCTIONS

This form should be saved and may be used by a Limited Partner wishing to withdraw all or a portion of their interests in the Partnership. Withdrawing partners should complete and return this form, including the information on page RR-3.

> GREENWICH SENTRY, L.P.
> c/o Citco (Canada) Inc.
> Attn: Investor Relations Group
> 2 Bloor Street East, Suite 2700
> Toronto, Ontario M4W 1A8
> Canada
>
> Telephone: (416) 969-6700
> Fax: (416) 966-0925
> Email: irtor@citco.com

Dear Sirs:

   I hereby request a withdrawal, as defined in and subject to all of the terms and conditions of the Confidential Private Placement Memorandum, as amended from time to time (the "Memorandum"), of Greenwich Sentry, L.P. (the "Partnership") of USD $3.5 Million, representing [part] of my partnership interest. I understand that withdrawals will only be effective as of the close of the business on the last day of any calendar month, upon at least 15 calendar days' prior written notice. Except as otherwise provided in the Memorandum, payment of the withdrawal proceeds will be made within (30) thirty days after the effective date of the withdrawal.

   I hereby represent and warrant that I am the true, lawful and beneficial owner of the partnership interest to which this relates, with full power and authority to request withdrawal of such interest. This interest is not subject to any pledge or otherwise encumbered in any fashion. My signature has been guaranteed by a commercial bank acceptable to the Partnership.

**Wire Transfer Instruction (to be completed by withdrawing partner):**

Marshall & Ilsley Trust Company
Bank Name
700 North Water Street
Milwaukee, WI 53202
Bank Address

_____
ABA Number

N/O General Trust - ███████
Account Name

David J. French Rev Trust Custody - ██████████01-9
Account Number

RR-1

SIGNATURES MUST BE IDENTICAL TO NAME(S) IN WHICH PARTNERSHIP
INTERESTS ARE REGISTERED

**Corporate, Partnership, Trust**          **Individual Subscribers**
**or Account Subscribers**

David J. French Revocable Trust of 1991
_____       _____
Name of Entity (Print)                     Name of Purchaser (Print)

By: _____        _____
        (Signature)                        (Signature)

    David French
_____       _____
Name (Print)                               Name of Joint Purchaser, If any (Print)

February 13, 2008
_____       _____
Date                                       Date

Telephone: 760-632-9101                    Telephone: _____

Fax: _____       Fax: _____

RR-2

## WITHDRAWAL INFORMATION

**REGISTRATION INFORMATION**

David J. French
Revocable Trust of 1991
Name

 1445 Ravean Court
Address

Encinitas, CA 92024

Telephone:    760-632-9101

Fax:'

**MAILING INFORMATION**
(if other than address of registration)

Attn: Shannon Zur
Name

3415 Gateway Road
Address

Brookfield, WI 53045

Telephone:    262-790-4960

Fax:        262-790-4990

**BANK FOR TRANSFER OF REDEMPTION**

Marshall & Ilsley Trust Company
Bank Name
770 North Water Street
Milwaukee, WI 53202
Bank Address

████████████
ABA Number
N/O General Trust - ██████
David J. French Rev Trust Custody - ██████ 01-9
Account Name

_____
Telephone

_____
Fax

**CITCO**

*Citco Fund Services*
*(Europe) B.V.*

## GREENWICH SENTRY, L.P.

### FOR THE CALENDAR MONTH OF MARCH 2008
### (EXPRESSED IN US DOLLARS & UNAUDITED)

Shannon Zur
Vogel Consulting
3415 Gateway Road, Suite 200
Brookfield, WI 53045-5111
United States

E-Mail: statements@vogelcg.com

Capital Account Statement for :   **David J. French Revocable Trust of 1991**

|  | | **March** | | **Year-to-Date** |
|---|---|---|---|---|
| Beginning Equity | $ | 6,665,606 | $ | - |
| Capital Additions | | - | | 6,600,000 |
| Capital Withdrawals | | (3,500,000) | | (3,500,000) |
| Profit/(Loss) * | | 10,241 | | 75,847 |
| Ending Equity | $ | 3,175,847 | $ | 3,175,847 |

---

\* Net results reflect the deduction of all operational expenses (including brokerage commissions), management fees and potential profit allocation to the General Partner.

Inquiries may be directed to the Sub-Administrator, Citco (Canada) Inc., by phone to 416-969-6700, by fax to 416-966-0925 or by email to irtor@citco.com.

*Telestone 8 - Teleport*
*Naritaweg 165*
*P.O. Box 7241*
*1007 JE Amsterdam*
*The Netherlands*

*amsterdam-fund@citco.com*
*www.citco.com*

*Phone: +31 (0)20 572 2850*
*Fax: +31 (0)20 572 2610*
*Chamber of Commerce: 33253773*

This form should be saved and may be used by a Limited Partner wishing to withdraw all or a portion of their interests in the Partnership. Withdrawing partners should complete and return this form, including the information on page RR-3.

> GREENWICH SENTRY, L.P.
> c/o Citco (Canada) Inc.
> Attn: Investor Relations Group
> 2 Bloor Street East, Suite 2700
> Toronto, Ontario M4W 1A8
> Canada
>
> Telephone: (416) 969-6700
> Fax: (416) 966-0925
> Email: irtor@citco.com

Dear Sirs:

I hereby request a withdrawal, as defined in and subject to all of the terms and conditions of the Confidential Private Placement Memorandum, as amended from time to time (the "Memorandum"), of Greenwich Sentry, L.P. (the "Partnership") of USD $1.5 Million, representing [part/all] of my partnership interest. I understand that withdrawals will only be effective as of the close of the business on the last day of any calendar month, upon at least 15 calendar days' prior written notice. Except as otherwise provided in the Memorandum, payment of the withdrawal proceeds will be made within (30) thirty days after the effective date of the withdrawal.

I hereby represent and warrant that I am the true, lawful and beneficial owner of the partnership interest to which this relates, with full power and authority to request withdrawal of such interest. This interest is not subject to any pledge or otherwise encumbered in any fashion. My signature has been guaranteed by a commercial bank acceptable to the Partnership.

**Wire Transfer Instruction (to be completed by withdrawing partner):**

Marshall & Ilsley Trust Company NA
Bank Name

770 North Water Street, Milwaukee, WI 53202
Bank Address

███████
ABA Number

N/O General Trust
Account Name

███████
Account Number
F/C: David J French Rev Trust Custody #7████████4-9

SIGNATURES MUST BE IDENTICAL TO NAME(S) IN WHICH PARTNERSHIP INTERESTS ARE REGISTERED

**Corporate, Partnership, Trust**
**or Account Subscribers**

**Individual Subscribers**

David J. French Revocable Trust of 1991
Name of Entity (Print)

Name of Purchaser (Print)

By: * _David J. French_ (signature)
(Signature)

(Signature)

David J. French, Trustee
Name (Print)

Name of Joint Purchaser, If any (Print)

8/21/08
Date

Date

Telephone: 760-632-9101

Telephone: _____

Fax: _____

Fax: _____

RR-2

# WITHDRAWAL INFORMATION

| **REGISTRATION INFORMATION** | **MAILING INFORMATION**<br>(if other than address of registration) |
|---|---|
| David J. French Revocable Trust of 1991 | |
| Name | Name |
| 4027 S. Business Drive, Suite 20 | |
| Address | Address |
| Sheboygan, WI 53081 | |
| Telephone:   760-632-9101 | Telephone: |
| Fax: | Fax: |

## BANK FOR TRANSFER OF REDEMPTION

Marshall & Ilsley Trust Company NA
Bank Name

770 North Water Street, Milwaukee, WI 53202
Bank Address

█████51
ABA Number
N/O General Trust
F/C: David J French Rev Trust Custody
Account Name

(414)287-7197
Telephone

(414) 287-8580
Fax

# CITCO

*Citco Fund Services
(Europe) B.V.*

## GREENWICH SENTRY, L.P.
### FOR THE CALENDAR MONTH OF SEPTEMBER 2008
### (EXPRESSED IN US DOLLARS & UNAUDITED)

Shannon Zur
Vogel Consulting
3415 Gateway Road, Suite 200
Brookfield, WI 53045-5111
United States
E-Mail: statements@vogelcg.com

Capital Account Statement for : **David J. French Revocable Trust of 1991**

|  | September | Year-to-Date |
|---|---|---|
| Beginning Equity | $ 3,292,510 | $ - |
| Capital Additions | - | 6,600,000 |
| Capital Withdrawals | (1,500,000) | (5,000,000) |
| Profit/(Loss) * | 14,364 | 206,874 |
| Ending Equity | $ 1,806,874 | $ 1,806,874 |

* Net results reflect the deduction of all operational expenses (including brokerage commissions), management fees and potential profit
   allocation to the General Partner.

Inquiries may be directed to the Sub-Administrator, Citco (Canada) Inc., by phone to 416-969-6700, by fax to 416-966-0925 or by email to
irtor@citco.com.

_

*Telestone 8 - Teleport
Naritaweg 165
P.O. Box 7241
1007 JE Amsterdam
The Netherlands*

*amsterdam-fund@citco.com
www.citco.com*

*Phone: +31 (0)20 572 2850
Fax: +31 (0)20 572 2610
Chamber of Commerce: 33253773*

# CITCO

*Citco Fund Services*
*(Europe) B.V.*

## GREENWICH SENTRY, L.P.
### FOR THE CALENDAR MONTH OF OCTOBER 2008
### (EXPRESSED IN US DOLLARS & UNAUDITED)

Shannon Zur
Vogel Consulting
3415 Gateway Road, Suite 200
Brookfield, WI 53045-5111
United States
E-Mail: statements@vogelcg.com

Capital Account Statement for : **David J. French Revocable Trust of 1991**

|  | October | | Year-to-Date |
|---|---|---|---|
| Beginning Equity | $ | 1,806,874 | $ | - |
| Capital Additions |  | - | 6,600,000 |
| Capital Withdrawals |  | - | (5,000,000) |
| Profit/(Loss) * |  | 1,764 | 208,638 |
| Ending Equity | $ | 1,808,638 | $ | 1,808,638 |

\* Net results reflect the deduction of all operational expenses (including brokerage commissions), management fees and potential profit allocation to the General Partner.

Inquiries may be directed to the Sub-Administrator, Citco (Canada) Inc., by phone to 416-969-6700, by fax to 416-966-0925 or by email to irtor@citco.com.

*Naritaweg 165*
*P.O. Box 7241*
*1007 JE Amsterdam*
*The Netherlands*

*amsterdam-fund@citco.com*
*www.citco.com*

*Phone: +31 (0)20 572 2850*
*Fax: +31 (0)20 572 2610*
*Chamber of Commerce: 33253773*