David A. Barrett
Howard L. Vickery, II
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300

Robert C. Finkel
James A. Harrod
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600

Christopher Lovell
Victor E. Stewart
LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900

*Counsel for Pasha S. Anwar and Julia Anwar, ABR Capital Fixed Option/Income Strategic Fund LP, Diversified Investment Associates Class A Units, Natalia Hatgis, and Core Equity Trust*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GREENWICH SENTRY, L.P., and<br>GREENWICH SENTRY PARTNERS, L.P.,<br><br>Debtors and Debtors-in-Possession. | Case No: 10-16229 (BRL)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: September 20, 2011, 10:00 a.m.<br>Objection Date: September 9, 2011<br>Reply Date: September 14, 2011 |

**OBJECTION OF THE EXCLUDED LIMITED PARTNERS TO THE MOTION FOR ENTRY OF AN ORDER APPROVING THE DEBTORS' DISCLOSURE STATEMENT, VOTING REQUIREMENTS, AND FORM OF NOTICE, AND CROSS-MOTION FOR RELIEF FROM THE PROOF OF CLAIM BAR DATE FOR <u>CLASS 4 LIMITED PARTNERS</u>**

TO: THE HONORABLE BURTON R. LIFLAND
     UNITED STATES BANKRUPTCY JUDGE

Greenwich Sentry L.P. limited partners Pasha S. Anwar and Julia Anwar, ABR Capital Fixed Option/Income Strategic Fund LP, Diversified Investment Associates Class A Units, and Greenwich Sentry Partners L.P. limited partners Natalia Hatgis and Core Equity Trust, on behalf of themselves and all similarly situated limited partners in Class 4 of the Classification of Claims and Interests who did not file proofs of interest prior to the May 23, 2011 Bar Date and who invested more in Greenwich Sentry, L.P. and Greenwich Sentry Partners, L.P. (collectively, the "Greenwich Sentry Funds") than they withdrew (collectively, "Excluded Limited Partners"),[1] hereby file this objection to the motion of Debtors-in-Possession ("Debtors"), seeking entry of an order (A) Approving the Adequacy of Debtors' Disclosure Statements for Debtors' Chapter 11 Reorganization Plans Pursuant to 11 U.S.C § 1125 as amended, (B) Approving the Form of Ballots and Requirements for Voting on Debtors' Plans, (C) Fixing a Date for the Hearing for Conformation of the Plans and for the Deadlines to Object and to Accept or Reject the Plans, and (D) Approving the Form and Manner of Notice of the Plan Confirmation Hearing and the Deadlines to Object and to Accept or Reject the Plans (the "Motion"), and cross-move in the alternative for an Order extending the Bar Date to allow for the timely filing of proofs of claim and/or interest by the Excluded Limited Partners.

## PRELIMINARY STATEMENT

After the filing of the Motion, Debtors disclosed for the first time that, under their construction of the proposed First Amended Plans of Reorganization and First Amended Disclosure Statements, the Excluded Limited Partners are not entitled to vote on the Plans for Reorganization or to participate in any distributions by the Liquidating Trustees as members of Class 4, because the Excluded Limited Partners did not file proofs of claim or interest by the

---

[1] The definition of Excluded Limited Partners for purposes of this motion does not include

deadline set in the Court's April 6, 2011 Bar Date Order. (D.E. # 93.) As set forth below, the Excluded Limited Partner interests were scheduled by Debtors in filing Statements of Financial Affairs, were not listed as "disputed", "contingent" or "unliquidated", and were therefore exempt from the requirement to file a proof claim or interest. (*See* II.A., *infra*.) The Disclosure Statement is defective to the extent that it provides otherwise.

Alternatively, the Excluded Limited Partners should be granted relief from the Bar Date, to submit timely proofs of claims or interests, given that any delay was plainly the result of "excusable neglect". (*See* II.B., *infra*.) The Excluded Limited Partners have already been victimized by the Ponzi Scheme perpetrated by Bernard Madoff and the Debtors. They have been bleed further by the onerous settlement agreement that the BLMIS Trustee was able to dictate to the Debtors based on the knowing involvement of the Management of the Funds in the Madoff fraud. The Court should not permit the Debtors to pick the pockets of the Excluded Limited Partners yet again by an unconscionable interpretation of the Bar Date Notice and Bar Date Order, both of which clearly state that limited partners whose names and percentage interests appear on the schedules ot the Debtors' Statements of Financial Affairs did not have to file proofs of interest in order to have Allowed Class 4 interests as limited partners. It is beyond dispute that the Excluded Limited Partners are limited partners in the Debtors who should be allowed to vote on and participate in any distributions under the Reorganization Plans.

I.  **BACKGROUND**

   1.   On November 19, 2010, the Greenwich Sentry Funds filed voluntary petitions for bankruptcy protection under Chapter 11.

---

investors who withdrew more than they invested in the Funds (*i.e.*, "the net winners").

2. On December 30, 2010, the Greenwich Sentry Funds filed their Summary of Schedules and Statement of Financial Affairs. (10-bk-16230, D.E. # 5; 10-bk-16229, D.E. # 44.) Schedule B to each Statement lists all limited partners holding equity interests in the fund, including the limited partners that are members of the putative class in the Anwar Action, and each limited partner's percentage of ownership. (10-bk-16230, D.E. # 5-1; 10-bk-16229, D.E. # 44-1.) The Schedules did not identify any limited partner's interest as disputed, contingent or unliquidated. (10-bk-16230, D.E. # 5-1; 10-bk-16229, D.E. # 44-1.)

3. On April 6, 2011, the Court issued an Order setting May 23, 2011, as the deadline for filing "Proofs of Claim and Proofs of Interest Pursuant to Bankruptcy Rule 3003(c)(3)" ("Bar Date Order"). (D.E. # 93.) Consistent with Rule 3003, the Bar Date Order made clear that, for entities whose interests are listed on the Debtors' schedules and not "scheduled as 'disputed,' 'contingent' or 'unliquidated'", no proof of claim or proof of interest needed to be filed. (D.E. # 93, at 3; *see also* Fed. R. Bankr. P. 3003(b)(1).)

4. Pursuant to the Bar Date Order, a Notice of Deadline was distributed ("Bar Date Notice". (D.E. # 86-2, Ex. A.) Section 4 of the Notice identified entities "Who Need Not File a Proof of Claim or Proof of Interest". (*Id.* at 4.) Consistent with the Bar Date Order, this Section notified such entities that no filing was necessary if their claim was listed on the Debtors' Schedules and was "not scheduled as 'disputed,' 'contingent,' or 'unliquidated'". (*Id.*)

5. On July 20, 2011, Debtors filed their Disclosure Statement (D.E. # 176) and Motion to Approve (D.E. # 177) a proposed Plan of Reorganization (D.E. # 173). The Plan of Reorganization provides that each "Allowed Limited Partner Interests" shall "receive its pro rata share" (D.E. # 173 ¶ 4.01(E)) and "shall be entitled to vote or reject" the Plan (D.E. # 173 ¶

5.01). "Allowed Limited Partner Interests", as defined by the Plan and the Disclosure Statement, include a Limited Partner interest where the:

> Claim or Interest [(a)] has been or hereafter is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent; and (b) which (i) is due and payable and as to which no objection to the allowance thereof has been made or interposed within the applicable period of limitation fixed by the Plan, the Bankrupcy Code, the Bankruptcy Rules, the Local Rules of the Bankruptcy Court or (ii) as to which any objection has been determined by Final Order of the Bankruptcy Court to the extent such objection has been resolved in favor of the Holder of such Claim or Interest.

(D.E. # 173, at 1-2.)

6. On August 4, 2011, the undersigned counsel wrote to counsel for the Debtors, requesting, *inter alia*, clarification that all limited partners whose names were included on Schedule B to Debtors' respective Statement of Financial Affairs would be recognized as having "Allowed Limited Partner Interests", whether or not they filed a proof of claim or interest by the May 23 deadline. (Declaration of Howard L. Vickery, dated Aug. 25, 2011 ("Vickery Decl."), Ex. 1 at 1-2.)

7. On August 10, 2011, counsel for the Debtors responded by letter, refusing to provide the requested clarification on the grounds that (i) "The Schedules do not set forth Limited Partner Interests in liquidated amounts, but rather as estimated percentages as of 2008"; and (ii) "Those estimated percentages are a not a reliable basis on which to determine the amount of each Limited Partners' equity interest since they are based on calculations performed prior to discovery of the BLMIS Ponzi scheme and include a substantial amount of fictitious profits

4

credited to the Limited Partners [sic] accounts arising from the Debtors' BLMIS investments." (Vickery Decl., Ex. 2, at 1.)[2]

8.  Under Debtors' interpretation of the proposed Plan and Disclosure Statement, a substantial percentage of Limited Partners would be excluded from receiving distributions and from voting in connection with approval of the Plan. Included herewith as Exhibits 3 and 4 are spreadsheets showing the percentage of Limited Partners that—in justified reliance on the language of the Bar Date Order and accompanying Notice—did not file proofs of claim or interest prior to the Bar Date. As shown by the Exhibits, Debtors' interpretation could have the effect of severely prejudicing the interests of approximately 37% of the limited partners invested in Greenwich Sentry L.P., and approximately 48% of the limited partners invested in Greenwich Sentry Partners L.P. who were eligible for membership in Class 4 – Limited Partnership Interests. (Vickery Decl., Exs. 3, 4.)

## II. ARGUMENT

The Excluded Limited Partners object to the proposed Plan and Disclosure Statement to the extent that they are construed to have the effect on Excluded Limited Partners proposed in Debtors' August 10 letter—an interpretation that is inconsistent not only with the plain language of the Bar Date Order and Notice, but also with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. In reliance on the express assurances in the Bar Date Order and Notice, a substantial percentage of the limited partners of the Debtors who qualify for membership in Class 4 concluded that it was not necessary to file proofs of interest because their names were listed on the Debtors' schedules with a precise figure representing their interests in the

---

[2] Certain issues raised by the undersigned counsel to the Proposed Reorganization Plans and Disclosure Statements were resolved by the Debtors amending the proposed Disclosure Plans

Greenwich Sentry Funds. If Debtors' strained interpretation somehow were found to be correct, then the Bar Date Order and Notice plainly were ambiguous and misleading. Accordingly, in the alternative, the Excluded Limited Partners cross-move for an order granting an extension of the Bar Date to allow all eligible limited partners in Class 4 to file proofs of interest.

The objection and cross-motion are proper and timely because the Debtors disclosed for the first time in connection with the filing of the Motion that under their interpretation of Allowed Limited Partnership Interests in the Reorganization Plans, the Excluded Limited Partners would not be permitted to vote on or participate in any distributions under the Plans of Reorganization as scheduled Class 4 stakeholders. The time to correct this unscrupulous attempt to disenfranchise the Excluded Limited Partners is now, before the voting takes place on the Reorganization Plans.

### A. The Excluded Limited Partners Were Not Required to File Proofs of Claim or Interest Prior to the Bar Date.

Under Section 1111(a) of the Bankruptcy Code, if a creditor's claim is "scheduled" and is "not scheduled as disputed, contingent or unliquidated", then that creditor is "deemed to have filed a proof of claim or interest." *In re ATD Corp.*, 352 F.3d 1062, 1065 (6th Cir. 2003) (citing 11 U.S.C. § 1111(a).) Consistent with Section 1111(a), Bankruptcy Rule 3003 provides that "the list of equity security holders" filed with the debtor's schedule of liabilities "shall constitute prima facie evidence of the validity and amount of the equity security interests." Fed. R. Bankr. P. 3003(b)(2). As the Rule underscores, "it shall *not* be necessary for the holders of such interests to file a proof of interest." *Id.* (emphasis added). Here, the Court's Bar Date Order and the accompanying Notice track this provision exactly. They make clear that no proof of claim or proof of interest needed to be filed for a claim or interest that was (i) listed on the Debtors'

---

and Reorganization Plans, including objections to the language of the permanent bar order.

schedules and (ii) not "scheduled as 'disputed,' 'contingent' or 'unliquidated'". (D.E. # 93, at 3; D.E. # 86-2, Ex. A § 4(c).)

Under this clear guidance, the Excluded Limited Partners automatically should be "deemed to have filed a proof of claim or interest", whether or not they in fact submitted a filing prior to the Bar Date. 11 U.S.C. § 1111(a). In tables attached to their respective Statement of Financial Affairs, Debtors clearly "scheduled" each limited partnership interest (10-bk-16230, D.E. # 5-1; 10-bk-16229, D.E. # 44-1) These schedules meet the definition of a "list of equity security interests" under Rule 3003, as the Code defines "equity security" to include interests in limited partnerships. 11 U.S.C. § 101(16).

Although Debtors assert in their August 10 letter that the Schedules "do not set forth Limited Partner Interests in liquated amounts", that fact does not does change the analysis. The law is clear that, to trigger a filing requirement, the equity holder's interest *affirmatively* must be "scheduled as disputed, contingent, or unliquidated". Fed. R. Bankr. P. 3003(c)(2); *In re ATD*, 352 F.3d at 1065 ("only a 'creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated' *must* file a proof of claim within the time set by the court" (emphasis in original)). Here, the Schedules did not affirmatively identify any limited partner's interest as "disputed", "contingent" or "unliquidated". (10-bk-16230, D.E. # 5-1; 10-bk-16229, D.E. # 44-1.) Accordingly, their claims and/or interests should be deemed filed under the Bankruptcy Code.

### B. The Limited Partners Alternatively Should Be Granted Relief from the Bar Date to Submit Timely Proofs of Claims or Interests for Inclusion in Class 4.

In the alternative, if the Court should find that the Debtors' distorted interpretation of the Bar Date Orders and Notice is correct, which it is not, then the Excluded Limited Partners should

---

Accordingly, these objections have not been raised in this filing.

be granted an extension of the Bar Date to allow them additional time to file proofs of claims and interest for inclusion in Class 4. The limited partners are not bankruptcy lawyers. They could not be expected to read the Bar Date Orders and Notice in a counterintuitive manner so that, despite the precise listing of their percentage interests in the Debtor, their partnership interests were somehow contingent and uncertain in the eyes of the law. If the Debtors are correct, the misleading language of the Bar Orders and Notice was a trap for the unwary. The unclarity and ambiguity should be construed against the Debtors, and the excluded limited partners should be given a second chance to file proofs of interest for inclusion in Class 4.

Under Bankruptcy Rule 9006(b)(1), a bar date may be extended when the failure to file on time was the result of "excusable neglect". Fed. R. Bankr. P. 9006(b)(1). The purpose of this rule is "to allow creditors every reasonable opportunity to obtain payment." *In re Bruno Machinery Corp.*, No. 06cv001172, 2007 WL 2071747, at *2 (N.D.N.Y. July 12, 2007). In determining whether a late filing meets the "excusable neglect" standard, the Supreme Court has provided a set of factors that includes "the danger of prejudice to the debtor", "the reason for the delay" and "whether the movant acted in good faith." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 388 (1993). As set forth below, each of these factors weighs in favor of extending the Bar Date in the present case.

        1.    <u>There Is No Danger of Prejudice to the Debtor.</u>

Debtors would suffer no conceivable prejudice if the Bar Date were extended for a reasonably short period to allow for the filing of any necessary proofs of interest or claims by the limited partners. "Prejudice", under Rule 9006(b)(1), is found only where "allowance of a particular late claim would jeopardize the success of the reorganization, by, for example, forcing the return of amounts already paid out under the confirmed Plan, or affecting the distribution to creditors and equity holders." *In re Enron Corp.*, 419 F.3d 115, 130 (2d Cir. 2005). Here, there

has not even been a hearing on Debtors' proposed Plan, much less confirmation. Nor has there been any payment to unsecured creditors, much less to any limited partner. Under these circumstances, extension of the Bar Date cannot prejudice the Debtors. *See In re Bruno Machinery*, 2007 WL 2071747, at *4 (no prejudice where there was "no plan yet for re-organization of the Debtor and payment of the unsecured claims" and where "no amount of the unsecured claims pool had been paid out when [creditors] sought to have their claim allowed").

Nor can Debtors claim that they somehow lacked advance knowledge of the limited partner claims. As set forth above, the limited partner interests were included in Debtors' Statements of Financial Affairs. *See In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (no prejudice where debtor had advance knowledge of the claim); *In re Garden Ridge Corp.*, 348 B.R. 642, 645-46 (Bankr. D. Del. 2006) ("The Debtors cannot be surprised by the claim: it was scheduled."). Debtors have proposed to use a "net equity" method to determine acceptance of the Plan by the class of Limited Partner Interests, under which the amount of such interests for voting purposes is the cash invested in the Debtor less payments received from the Debtor. (Vickery Decl., Ex. 2, at 2.) Given this straightforward formula, Debtors have all the information they need to calculate the Limited Partner interests.

2.  <u>There Was a Good Faith, Justifiable Reason for any Delay.</u>

As set forth above, the proper interpretation of the Bar Date Order and Notice, consistent with the Rules of Bankruptcy Procedure, is that no proofs of claim or interest were necessary for limited partners, given their inclusion on the Debtors schedules and the failure of those schedules to identify the interests as "contingent", disputed" or "unliquidated". If the Bar Date Order and Notice has a contrary meaning, then it is plainly ambiguous on its face, for all the reasons set forth above. As the Supreme Court has held, reliance on a bar date notice that "left a 'dramatic ambiguity' in notification" is "excusable neglect" sufficient to warrant extension of the

9

Bar Date under Rule 9006(b)(1). *Pioneer*, 507 U.S. at 398. Accordingly, the limited partners plainly acted in good faith and had reason for their delay.

### III. CONCLUSION

For the foregoing reasons, the Excluded Limited Partners respectfully request an Order clarifying the proposed Plan and Disclosure Statement to make clear that limited partner interests are deemed filed as scheduled by the Debtor, or alternatively an Order granting the Excluded Limited Partners relief from the Bar Date to file timely proofs of claim and/or interests for inclusion in Class 4.

Dated: New York, New York
August 25, 2011

                                        Respectfully submitted,

                                        By: /s/ Howard L. Vickery, II
                                              Howard L. Vickery, II

                                        David Boies
                                        BOIES, SCHILLER & FLEXNER LLP
                                        333 Main Street
                                        Armonk, NY 10504
                                        Telephone: (914) 749-8200
                                        Facsimile: (914) 749-8300

                                        David A. Barrett
                                        Howard L. Vickery, II
                                        BOIES, SCHILLER & FLEXNER LLP
                                        575 Lexington Avenue
                                        New York, NY 10022
                                        Telephone: (212) 446-2300
                                        Facsimile: (212) 446-2350

Stuart H. Singer
Carlos Sires
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, #1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Robert C. Finkel
James A. Harrod
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Christopher Lovell
Victor E. Stewart
LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608.1900

*Counsel for Pasha S. Anwar and Julia Anwar, ABR Capital Fixed Option/Income Strategic Fund LP, Diversified Investment Associates Class A Units, Natalia Hatgis, and Core Equity Trust*