UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GREENWICH SENTRY, L.P. and<br>GREENWICH SENTRY PARTNERS, L.P.,<br><br>    Debtors and Debtors-in-Possession. | Case No: 10-16229 (BRL)<br><br>Chapter 11<br><br>(Jointly Administered)[1] |

## STIPULATION AND ORDER EXTENDING BAR DATE
## FOR CLASS 4 LIMITED PARTNERS

**WHEREAS**, Greenwich Sentry, L.P. ("*GS*") and Greenwich Sentry Partners, L.P. ("*GSP*"), debtors and debtors-in-possession (each a "*Debtor*" and sometimes collectively the "*Debtors*" or the "*Movants*") in the above-captioned Chapter 11 cases (the "*GS Cases*"), by and through their undersigned counsel, filed on July 20, 2011 proposed Disclosure Statements [Docket Nos. 174, 176] and proposed Plans of Reorganization (collectively, the "*Plans*") [Docket Nos. 173, 175];

**WHEREAS**, on or about July 21, 2011, the Debtors filed a Motion for Entry of an Order (A) Approving the Adequacy of Debtors' Disclosure Statements for Debtor' Chapter 11 Reorganization Plans, (B) Approving the Form of Ballots and Requirements for Voting on Debtors' Plans, (C) Fixing a Date for the Hearing for Confirmation of the Plans and for the Deadlines to Object and to Accept or Reject the Plans, and (D) Approving the Form and Manner of Notice of the Plan Confirmation Hearing (the "*Motion*") [Docket No. 177];

---

[1] Pursuant to the Order Granting the Debtors' Motion for an Order Directing Joint Administration of Related Chapter 11 Cases Pursuant to Fed. R. Bankr. P. 1015 [Docket No. 14], the Chapter 11 proceeding of Greenwich Sentry Partners, L.P., Case No.: 10-16230 (BRL), is to be jointly administered under the above-captioned matter.

**WHEREAS**, the Court previously entered an Order dated April 6, 2011 (the "***Bar Date Order***") [Docket No. 93] setting May 23, 2011, at 5:00 p.m. (the "***General Bar Date***") as the last day to file a proof of claim or proof of interest for all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert (a) a claim based on and/or arising from any investment activities in either of the Debtors and/or in connection with either of the Debtors (each an "***Interest***"), and/or (b) any other claim, as defined in § 101(5) of the Bankruptcy Code (each a "***Claim***"), against either of the Debtors which arose <u>on or prior</u> to the filing of the Chapter 11 petition on November 19, 2010 (the "***Filing Date***");

**WHEREAS**, the Bar Date Order provided that, *inter alia*, for each Interest, unless a proof of interest (each a "***Proof of Interest***") was timely filed by the General Bar Date, the holder of such Interest (each a "***Limited Partner***") would not be treated as an Interest holder and would be barred from voting for and receiving distributions under the Plans with respect to such Interest;

**WHEREAS**, on August 25, 2011, Pasha S. Anwar, Julia Anwar, ABR Capital Fixed Option/Income Strategic Fund LP, Diversified Investment Associates Class A Units, Natalia Hatgis and Core Equity Trust, on behalf of themselves and on behalf of the putative class of similarly situated Limited Partners in Class 4 of the Classification of Claims and Interests in the Debtors' Plans who did not file Proofs of Interest prior to the General Bar Date and who invested more in the Debtors than they withdrew (collectively, the "***Anwar Plaintiffs***"), by and through their undersigned counsel, filed the Objection of the Excluded Limited Partners to the Motion for Entry of an Order Approving the Debtors' Disclosure Statement, Voting Requirements, and Form of Notice, and Cross-Motion for Relief from the Proof of Claim Bar Date for Class 4

Limited Partners [Docket No. 192] (the "*Objection and Cross Motion*") in opposition to the Motion, asserting, *inter alia*, that the Bar Date Order and notices thereunder were confusing and misleading, causing many Limited Partners to fail to timely file a Proof of Interest;

**WHEREAS**, counsel for the Debtors and for the Anwar Plaintiffs have conferred with respect to the foregoing in order to resolve the Objection and Cross Motion;

**IT IS HEREBY STIPULATED AND AGREED**, as follows:

1. The Objection and Cross Motion is withdrawn, subject to the modification of certain provisions of the Bar Date Order set forth in this Order.

2. Limited Partners that are included in Class 4 under the Debtors' Plans that failed to timely file a Proof of Interest by the General Bar Date (collectively, "*Excluded Limited Partners*") shall have an additional thirty (30) days from the date of entry of this Order (the "*Extended Bar Date*") by the Bankruptcy Court to file a Proof of Interest using the "net equity method" of calculation.

3. The following procedures for the filing of Proofs of Interest on behalf of Excluded Limited Partners shall apply:

    (a) Proofs of Interest must conform substantially to the Proof of Interest form (the "*Proof of Interest Form*"), a copy of which will be provided to Excluded Limited Partners;

    (b) Proofs of Interest must be filed either by mailing or by delivering the original Proof of Interest by hand or overnight courier to the Clerk of the Bankruptcy Court, at the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004-1408, except that, attorneys (with full access accounts) and employees of institutional

creditors (with limited access accounts) should file Proofs of Interest electronically on the Courts Case Management/Electronic Case File (CM/ECF) system;

(c) Proofs of Interest will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Extended Bar Date, as applicable; and

(d) Proofs of Interest must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

4. Notice of the Extended Bar Date for Excluded Limited Partners in substantially the form annexed hereto as Exhibit A (the "***Extension Notice***") accompanied by a copy of a Proof of Interest Form substantially in the form of Exhibit B annexed hereto shall be served by mail on each Excluded Limited Partner to the respective address used for service of notice of the General Bar Date on each Excluded Limited Partner unless the Debtors have been provided with an updated address by such Excluded Limited Partner. The Debtors shall also attempt to serve the Extension Notice and Proof of Interest Form electronically to those Excluded Limited Partners for which it may have email addresses. The Extension Notice shall, among other things, advise Excluded Limited Partners that notwithstanding the fact that their applicable Interests may not be scheduled as "disputed," "contingent" or "unliquidated" in the List of Equity Holders annexed to each Debtor's Statement of Financial Affairs, such Excluded Limited Partners are still required to timely file a Proof of Interest.

5. The Debtors shall use their best efforts to provide the Extension Notice only to those Limited Partners included in the Excluded Limited Partners. Delivery of the Extension Notice by the Debtors to a Limited Partner that is not included in Class 4 shall not constitute an

admission of a right or consent to a non-Class 4 Limited Partner's filing of a Proof of Interest Form after the General Bar Date or to the participation in Class 4 under the Plans.

6. The Extension Notice and Proof of Interest Forms shall be mailed within two (2) business days of the entry of this Order.

7. The Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

8. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to a Class 4 Limited Partner's Proof of Interest and/or proof of claim, other than timeliness of its filing under the Bar Date Order.

| *Attorneys for Debtors, Greenwich Sentry, L.P. and Greenwich Sentry Partners, L.P.* | *Attorneys for Pasha S. Anwar, Julia Anwar, ABR Capital Fixed Option/Income Strategic Fund LP, Diversified Investment Associates Class A Units, Natalia Hatgis and Core Equity Trust, on behalf of themselves and on behalf of the putative class of all similarly situated Limited Partners in Class 4 included in the Excluded Limited Partners* |
|---|---|
| By: /s/ James N. Lawlor<br>Paul R. DeFilippo<br>James N. Lawlor<br>WOLLMUTH MAHER & DEUTSCH LLP<br>500 Fifth Avenue,<br>New York, New York 10110<br>Tel.: (212) 382-3300 | By: /s/ Howard L. Vickery, II<br>David A. Barrett<br>Howard L. Vickery, II<br>BOIES, SCHILLER & FLEXNER LLP<br>575 Lexington Avenue<br>New York, NY 10022<br>Tel.: (212) 446-2300<br><br>Stuart H. Singer<br>Carlos Sires<br>Sashi Bach Boruchow<br>BOIES, SCHILLER & FLEXNER LLP<br>401 East Las Olas Boulevard, #1200<br>Ft. Lauderdale, Florida 33301<br>Tel.: (954) 356-0011 |

|   | Christopher Lovell<br>Victor E. Stewart<br>LOVELL STEWART HALEBIAN JACOBSON LLP<br>61 Broadway, Suite 501<br>New York, NY 10006<br>Tel.: (212) 608-1900<br><br>Robert C. Finkel<br>James A. Harrod<br>WOLF POPPER LLP<br>845 Third Avenue<br>New York, NY 10022<br>Tel.: (212) 759-4600 |
|---|---|

Dated: September 20, 2011
       New York, New York

**SO ORDERED:**

/s/Burton R. Lifland_____
**THE HONORABLE BURTON R. LIFLAND**
**UNITED STATES BANKRUPTCY JUDGE**