**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

**FOR PUBLICATION**

In re:

Chapter 11

GREENWICH SENTRY, L.P. and
GREENWICH SENTRY PARTNERS, L.P.,

Case No. 10-16229 (BRL)

(Jointly Administered)

                Debtors.
----------------------------------------------------------------X

APPEARANCES**:**

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (212) 382-0050
By:    Paul R. DeFilippo
        James N. Lawlor

*Attorneys for the Liquidating Trustee*

WESTERMAN BALL EDERER MILLER & SHARFSTEIN, LLP
1201 RXR Plaza
Uniondale, New York 11556
Telephone:    (516) 622-9200
Facsimile:    (516) 622-9212
By:    Eric G. Waxman III

*Attorneys for Christopher McLoughlin Keough, Quantum Hedge Strategies Fund, LP, and SIM Hedged Strategies Trust*

Before: Hon. Burton R. Lifland
            United States Bankruptcy Judge

**MEMORANDUM DECISION AND ORDER DENYING THE MOTION FOR AN ORDER CONFIRMING THAT CERTAIN LIMITED PARTNERS ARE HOLDERS OF ALLOWED LIMITED PARTNER INTERESTS AND MEMBERS OF CLASS 4 UNDER THE AMENDED PLAN**

Before the Court is the motion (the "Motion") of Christopher McLoughlin Keough, Quantum Hedge Strategies Fund, LP, and SIM Hedged Strategies Trust (the "Purported Limited Partners" or "Movants"), purported limited partners in Greenwich Sentry, L.P. ("Sentry," and

together with Greenwich Sentry Partners, L.P., the "Debtors"), seeking an order declaring that the Movants are holders of allowed limited partner interests entitled to distributions under the Debtors' confirmed plans. The liquidating trustee (the "Liquidating Trustee") for the liquidating trusts of the Debtors, 217 Canner Associates, LLC, filed an opposition to the Motion.

The instant Motion was brought by a number of parties who elected to blatantly ignore an explicit order of this Court. The order at issue stated, in bold capital letters, that all interest holders must file proofs of interest by the bar date, notwithstanding what is contained in the Debtors' schedules. Rather than comply and file proofs of interest, the Purported Limited Partners attempt to evade that order by advancing several unpersuasive arguments. Accordingly, the Motion is DENIED.

## **BACKGROUND**

The Debtors operated as private investment partnerships, sold limited partnership interests to investors through confidential offering memoranda, and used the proceeds to invest pursuant to an investment program. On November 19, 2010, the Debtors filed a petition for chapter 11 relief in this Court. Shortly thereafter, the Debtors filed a summary of schedules and statement of financial affairs (the "Schedules"). *See* Dkt. No. 44. The Debtors' Schedules included a list of known interest holders and the "Estimated Percentage Ownership" for each of them. The list provides:

> This list of equity holders is based upon the administrator's records of investors in Greenwich Sentry, L.P. and in Greenwich Sentry Partners, L.P. as of November 30, 2008. This list may include limited partners that made redemption requests prior to November 30, 2008, but to whom no redemption payments were made as a result of the disclosure on or about December 11, 2008 of the ponzi scheme that had been operated by Bernard L. Madoff Investment Securities LLC.

Schedules, Ex. B.

On April 6, 2011, the Court entered the First Bar Date Order[1] setting May 23, 2011 (the "First Bar Date") as the bar date for filing proofs of claim and proofs of interest. According to this order, purported interest holders need not file proofs of interest if their interest is listed in the Debtors' schedules, provided that the "[i]nterest is not scheduled as 'disputed,' 'contingent,' or 'unliquidated.'" First Bar Date Order, p. 3.

On July 20, 2011, the Debtors filed their proposed plans of reorganization (the "Proposed Plans"). *See* Dkt. Nos. 173, 175. The Debtors construed the plans as disallowing limited partner interests unless the holder of such interests had timely filed proofs of interest. Certain limited partners (the "Original Objecting Limited Partners") objected to the Proposed Plans and the accompanying disclosure statements. *See* Dkt. No. 192. The Original Objecting Limited Partners argued that their interests had been listed in the Schedules and were not listed as "disputed," "contingent," or "unliquidated" and, therefore, they were exempt from filing a proof of interest pursuant to section 1111(a) of the Bankruptcy Code ("Section 1111(a)"). The Debtors countered that the Original Objecting Limited Partners were required to file proofs of interest because the interests in the Schedules were not liquidated, but were "estimated" and subject to redemption payments. The above notwithstanding, the Debtors agreed to extend the bar date and notify all interest holders that they must file proofs of interest, even if their interests were not scheduled as disputed, contingent, or unliquidated.

Consequently, on September 20, 2011, this Court entered the Extended Bar Date Order,[2]

---

[1] *See* Order (A) Fixing a Date for Filing Proofs of Claim and Proofs of Interest Pursuant to Bankruptcy Rule 3003(c)(3) and (B) Fixing The Form and Manner of Notice Thereof [hereinafter the "First Bar Date Order"] (Dkt. No. 93).

[2] *See* So Ordered Stipulation Between Greenwich Sentry, L.P. and Greenwich Sentry Partners, L.P. and Pasha S. Anwar, Julia Anwar, ABR Capital Fixed Option/Income Strategic Fund LP, Diversified Investment Associates Class A Units, Natalia Hatgis and Core Equity Trust, on Behalf of Themselves and on Behalf of the Putative Class of all Similarly Situated Limited Partners in Class 4 Included in the Excluded Limited Partners, RE: Extending Bar Date For Class 4 Limited Partners [hereinafter the "Extended Bar Date Order"] (Dkt. No. 208).

3

extending the time for interest holders to file proofs of interest to October 20, 2011 (the "Extended Bar Date"). The Extended Bar Date Order and its accompanying notice ("the Extended Bar Date Notice"), *see* Dkt. No. 208, Ex. A, warned interest holders that they must file proofs of interest or they would forfeit their right to any distribution from the estate. Specifically, the Extended Bar Order stated:

> The Extension Notice shall, among other things, advise [interest holders in the Debtors] that notwithstanding the fact that their applicable Interests may not be scheduled as 'disputed,' 'contingent' or 'unliquidated' in the List of Equity Holders annexed to each of Debtor's Statement of Financial Affairs, such [interest holders in the Debtors] are still required to timely file a Proof of Interest.

Extended Bar Date Order, p. 4, ¶ 4. In turn, the Extended Bar Date Notice provided: "If you have an Interest against either of the Debtors that arose on or prior to the Filing Date . . . you **MUST** file a Proof of Interest to share in distributions from the Debtors' bankruptcy estates and vote with respect to such Interest on a Chapter 11 plan filed by the Debtors." *See* Extended Bar Date Notice, p. 2, ¶ 1 (emphasis in original). The notice also provided in bold capital letters:

> **REGARDLESS OF WHETHER YOUR INTEREST IS NOT SCHEDULED AS "DISPUTED," "CONTINGENT" OR "UNLIQUIDATED" IN THE LIST OF EQUITY HOLDERS ANNEXED TO EACH DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS, YOU ARE STILL REQUIRED TO FILE A TIMELY PROOF OF INTEREST.**

*Id.* at p. 3 (emphasis in original). Moreover, unlike the First Bar Date Notice, the Extended Bar Date Notice did not include an exception under the heading "Who Need Not File A Proof Of Interest" for interest holders listed in the Schedules but not listed as "disputed," "contingent," or "unliquidated." Each of the Purported Limited Partners received notice of the Extended Bar Date. *See* Certificate of Service of the Extended Bar Order (Dkt. No. 210).

On December 22, 2011, the Debtors filed their first amended plans of reorganization (the "Amended Plans"), *see* Dkt. Nos. 211, 213, which provided for distribution on "Allowed" claims and interests. "Allowed" claims and interests entitled to distribution require the filing of a proof

4

of claim or interest, unless the "[c]laim or [i]nterest has been or hereafter is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent." *See* Amended Plans, p. 4. By order dated December 22, 2011, this Court entered the Confirmation Order,[3] which provided that the terms of the Plans shall govern classification of claims and interests for purposes of distribution. *See* Confirmation Order, p. 17, ¶ 3.

## DISCUSSION

### I. THE PURPORTED LIMITED PARTNERS ARE BOUND BY THE EXTENDED BAR DATE ORDER

Bar dates ensure the sound administration of a bankruptcy estate by "enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron)*, 419 F.3d 115, 128 (2d Cir. 2005) (citing *First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991)). "If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined." *Hooker Invs.*, 937 F.2d at 840. Despite the importance of filing proofs of claim or interests, it is deemed unnecessary by the Code in certain situations. *See, e.g.*, 11 U.S.C. § 1111(a) (stating that "[a] proof of claim or interest is deemed filed . . . for any claim or interest that appears in the schedules . . . except a claim or interest that is scheduled as disputed, contingent or unliquidated"). Consistent with Section 1111(a), the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003 provides that "the list of equity security holders" filed with the debtor's schedule of liabilities "shall constitute prima facie evidence of the validity and amount

---

[3] *See* Order Confirming First Amended Plans of Reorganization Under Chapter 11 of the Bankruptcy Code Proposed by Greenwich Sentry, L.P. and Greenwich Sentry Partners, L.P., Debtors and Debtors-in-Possession [hereinafter the "Confirmation Order"] (Dkt. No. 306).

5

of the equity security interests . . . ." Fed. R. Bankr. P. 3003(b)(2). The purpose underlying Section 1111(a) is to "lessen the fury of the inevitable paper storm that descends upon bankruptcy proceedings." *In re Crouthamel Potato Chip Co.*, 786 F.2d 141, 145 (3d Cir. 1986). In other words, this section was "designed to eliminate unnecessary practices and procedures where money is tight, time is expensive, proceedings are by necessity protracted, and [its] goal is to achieve administrative efficiency and, as much as possible, to conserve time and money, administrative expenses and fees." *Id.* In essence, Section 1111(a) is premised on procedural efficiency, and if the amount of a claim or interest is clear to all parties, filing proof of that claim or interest is unnecessary and wasteful.

In the instant case, it was not evident from the Debtors' Schedules and Proposed Plans whether scheduled limited partners were required to file proofs of interest. For administrative efficiency and to prevent unnecessary protracted litigation as to the status of any purported limited partners' interests, this Court entered the Extended Bar Date Order. This order extended the bar date to file proofs of interest and explicitly cautioned all limited partners in the Debtors to file proofs of interest, notwithstanding the manner in which they were listed on the Schedules. *See* Extended Bar Date Notice, pp. 2-3. Having failed to comply with the Extended Bar Date Order, the Purported Limited Partners now advance several arguments as to why they are not bound by it: (i) Section 1111(a) prevented this Court from ordering them to file proofs of interest; (ii) Sentry's Amended Plan and the Confirmation Order nullified the requirement to file proofs of interest; and (iii) disallowance of their interests for failure to file proofs of interest deprives them of property interests without due process. As explained below, these arguments are unpersuasive.

A.  <u>This Court had Authority to Enter the Extended Bar Date Order</u>

In an attempt to justify ignoring the Extended Bar Date Order, the Purported Limited Partners assert that: (i) their interests were listed on the Schedules in a manner deemed filed per Section 1111(a) and (ii) courts cannot enter a bar date order that overrides Section 1111(a).

Contrary to the Purported Limited Partners' argument, courts clearly have the authority to enter orders requiring interest holders to file proofs of interest, regardless of what is stated in the schedules.  *See In re Yonkers Prof'l Hosp.*, 113 B.R. 153, 157 (Bankr. S.D.N.Y. 1990) (holding that by specifically ordering interest holders to file proofs of interest, "the 'double deeming' effect of § 1111(a) of the Bankruptcy Code and [the corresponding Bankruptcy Rule], which . . . provide for a claim to be deemed filed, . . . was rebutted by this court's order"); *In re McLean Enters.*, 98 B.R. 485, 486 (Bankr. W.D. Mo. 1989) (finding "that it had, has, and will have in the future the ability to issue bar orders in Chapter 11 cases" requiring claimants to file proofs of claim even if not scheduled as disputed, contingent, or unliquidated); *see also E*Trade Fin. Corp. v. MarketXT Holdings Corp (In re MarketXT Holdings Corp*.), 336 B.R. 67, 71 (Bankr. S.D.N.Y. 2006) ("The 'bar date order' entered in the Chapter 11 case required all creditors with *secured or unsecured, contingent or fixed, liquidated or unliquidated* claims to file a proof of claim by a date certain. This order was binding on [the creditor].") (emphasis added).

The Movants misplace reliance on *The Tenth RMA Partners, L.P. v. DiCroce (In re DiCroce)*, where it was determined that a bankruptcy court cannot establish a bar date for claims deemed filed under Section 1111(a).  *DiCroce*, No. 97-057, 1998 WL 35416878, at *4 (B.A.P. 1st Cir. Feb. 25, 1998) ("[A]lthough the court could establish a bar date by which creditors who needed to file proofs of claim were required to do so, it could not extend such an order to cover claims already 'deemed filed' under § 1111(a)."). In that case, the schedules listed the creditor

7

"as the holder of a liquidated, noncontingent, undisputed, unsecured, nonpriority claim in the amount of $287,486.49." *Id.* at *1. As such, the liquidated amount of the claim was undisputable and the court's order requiring the claim holder to file a proof of claim served no administrative purpose. Here, in contrast, the Debtors' Schedules were ambiguous[4] and led to disputes between the Debtors and the limited partners regarding the need to file proofs of interest. Thus, it is illogical to use Section 1111(a)—a section grounded in administrative efficiency—to prohibit a court from entering an order aimed at minimizing disruptive litigation on peripheral issues and facilitating the parties' negotiations and plan confirmation. Accordingly, issuing the Extended Bar Order was well within the scope of this Court's authority.

B. <u>The Confirmation Order Did Not Nullify the Requirements of the Extended Bar Date Order</u>

The Purported Limited Partners further argue that Sentry's Amended Plan and the Confirmation Order somehow nullified the Extended Bar Date Order's requirement of filing proofs of interest. Under Sentry's Amended Plan, "allowed interests" include an interest for which no proof of interest was filed, but 'is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent" *See* Amended Plans, p. 4. The Confirmation Order permanently enjoins challenges to classification and distribution under the Amended Plan. As such, the Purported Limited Partners posit that the Confirmation Order nullifies the Extended Bar Date Order's requirement that limited partners must file proofs of interest by the Extended Bar Date.

The Purported Limited Partners are misguided, however, for two principal reasons. <u>First</u>,

---

[4] This ambiguity is exemplified by the parties' widely divergent interpretations of the manner in which the Schedules listed the interests. The Liquidating Trustee argues that (i) these interests were clearly not liquidated given that they were listed as estimated and subject to redemption payments, and (ii) Section 1111(a) does not require the term "unliquidated" to be noted on the Schedules. The Original Objecting Limited Partners argued that their interests were liquidated on the Schedules, and even if they were not, Section 1111(a) requires the Debtors to affirmatively note that an interest is unliquidated in order to trigger a requirement to file a proof of interest

8

the Purported Limited Partners manufacture an inconsistency between the Amended Plans and the Extended Bar Date Order. The Amended Plans allows for distribution on unfiled claims or interests only if the "[c]laim or [i]nterest has been or hereafter *is listed by the Debtor in the Schedules as liquidated* in amount and not disputed or contingent." Amended Plans, p. 4 (emphasis added). The Purported Limited Partners' interests were not listed as liquidated in the Schedules. Indeed, the interests were listed as "estimated" and subject to redemption payments made by investors. Second, while the Confirmation Order provided that the terms of the Amended Plans shall govern classification of claims and interests for purposes of distribution, neither the Confirmation Order nor the Amended Plans provided that they supersede or otherwise nullify the Extended Bar Date Order.

C. Due Process is Not Offended By Denying Distribution to the Purported Limited Partners

Finally, the Purported Limited Partners contend that disallowance of their interests for failure to file proofs of interest would deprive them of property interests without due process. Of course, "[s]etting an outside limit for the time to assert a right triggers due process concerns of which every court must be cognizant." *In re New Century TRS Holdings, Inc.*, 465 B.R. 38, 46 (Bankr. D. Del. 2012). But "[t]his concern is resolved through notice." *Id.* To comport with due process requirements, "a party seeking relief must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Morgan Olson, LLC v. Frederico (In re Grumman Olson Indus.)*, 445 B.R. 243, 254 (Bankr. S.D.N.Y. 2011) (quotations and citations omitted). In the context of bar dates, due process requires that known creditors and interest holders receive clear and unambiguous notice of the bar date in order to afford them the opportunity to file proofs of claim or interest. *See Wilzig v. Lopez (In re Lopez)*, 192 B.R. 539, 544 (B.A.P. 9th Cir.

1996); *In re Enron Corp.*, No. 01-16034, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006).

In the instant case, due process is not offended by denying distribution to the Purported Limited Partners. It is uncontested that they received notice of the Extended Bar Date, which unambiguously stated, in bold font and capital letters, that all interest holders must file proofs of interest by the Extended Bar Date. As such, the timely filing of proofs of interest was the Purported Limited Partners' only means to secure a distribution through Sentry's Amended Plan. *See In re Hooker Invs.*, 937 F.2d at 840 ("Indeed, so important are the interests served by the bar order that . . . a creditor who fails to file a proof of claim by the bar date may be entirely barred from sharing in the distribution of the bankruptcy estate."); *In re New York Seven-Up Bottling Co.*, 153 B.R. 21, 23 (Bankr. S.D.N.Y. 1993) ("A creditor in a Chapter 11 case who receives appropriate notice of the bar date and fails to file timely a proof of claim with respect to a disputed claim will not be treated as a creditor for distribution purposes."). The Purported Limited Partners' failure to file proofs of interest by the Extended Bar Date cannot be condoned. They received notice of the bar date and ignored the Extended Bar Date order at their own peril.

## CONCLUSION

In light of the foregoing, the Purported Limited Partners' Motion is DENIED.

**IT IS SO ORDERED.**

<u>Dated</u>: New York, New York
    June 1, 2012

                                              /s/ Burton R. Lifland
                                              United States Bankruptcy Judge